37364. LANE et al. v. THE STATE.

PER CURIAM.

Appellants, Lane and Edwards, were charged and arrested for murder on January 10 and 11, 1981, respectively. Although the grand jury had met, appellants had not been indicted at the time of the hearing addressed herein. After numerous requests for a commitment hearing and for setting of a pretrial bond, a hearing was held by the superior court on February 10, 1981. The district attorney requested, and was granted, a continuance of the commitment hearing on the ground that the evidence, including an autopsy report, upon which the state relies, was still at the state crime lab.[1] The court then heard 71 defense witnesses testify to the good reputation and strong ties to the community of Edwards and Lane. The only evidence for the State was the murder warrants, but, at the request of Lane and Edwards, the state's sealed file was submitted to the court for its in camera inspection. The court denied bond; Lane and Edwards applied for an interlocutory appeal. We granted the motion to appeal and expedited the case so it would not become moot by the occurrence of the pending trial.

Lane and Edwards argue that they are entitled to bond as a matter of law under Code Ann. § 27-403: "Where the cause [a commitment hearing] is postponed to a future day at the instance of either party, or by the court, it shall not be necessary to commit the defendant to jail pending the hearing; but he *shall* have the right to give bail for appearance at the hearing before said court of inquiry, *if the offense is bailable under the authority of said court.*" (Emphasis supplied.) Lane and Edwards rely on the word "shall" in arguing that they are entitled to post a bond as a matter of right. We, however, turn to the qualification that the offense must be "bailable."

Under Code Ann. § 27-901 (Supp. 1980): "The offenses of rape, armed robbery, aircraft hijacking, treason, *murder,* and perjury, and offenses of giving, selling, offering for sale, bartering, or exchanging of any narcotic drug *are bailable only before a judge of the superior court; and this is in every case a matter of sound discretion. All other*

---

[1] We in no way imply approval or disapproval of such a time lapse in holding a commitment hearing. That issue is not before us.

*offenses are bailable by the commitment court.* At no time, either before the commitment court, when indicted, after a motion for new trial is made, or while an appeal is pending, shall any person charged with a misdemeanor be refused bail. . . ." (Emphasis supplied.)

In providing that "[a]ll other offenses are bailable by the commitment court," Code Ann. § 27-901 furnishes the key to the word "bailable" in Code Ann. § 27-403, quoted above. If the commitment hearing is postponed, all misdemeanors and felonies other than those listed in § 27-901 "shall" be bailable. Under the qualification, the statutory felonies remain bailable only in the superior court and at its discretion. Since Lane and Edwards have been arrested for murder, the question here is whether the superior court abused its discretion in refusing to grant them bail when their commitment hearing was postponed.

In *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976), we set out standards for determining whether or not to grant bond pending appeal. We find that similar considerations are relevant when a trial court is considering a motion for bond prior to trial. ". . . [T]he defendant may be detained pending trial if the facts support a finding that the defendant is likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice or will flee if released."[2] ABA Standards, Pretrial Release § 5.1 (a).[3]

The trial court conducted a hearing on the motion for bond. At that hearing, 71 witnesses appeared on behalf of Edwards and Lane. They thus argue that the trial court erred in denying them bonds as a matter of law. We disagree. ". . . [T]he granting or refusal of bail in capital cases is a matter peculiarly within the discretion of the judge of the superior court, and will not be controlled, unless it has been manifestly and flagrantly abused." *Jernagin v. State,* 118 Ga. 307 (45 SE 411) (1903); Code Ann. § 27-901.

Because this opinion enunciates standards for granting bail under Code Ann. § 27-901, we vacate the trial court's order denying

---

[2] Factors which the court should take into account in making this determination are "(i) the length and character of the defendant's residence in the community; (ii) his employment status and history and his financial condition; (iii) his family ties and relationships; (iv) his reputation, character and mental condition; (v) his past history of response to legal process; (vi) his prior criminal record; (vii) the identity of responsible members of the community who would vouch for the defendant's reliability; (viii) the nature of the current charge, the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of nonappearance; and (ix) any other factors indicating the defendant's roots in the community." ABA Standards, Pretrial Release § 5.3 (d).

[3] By adopting these portions of the ABA Standards, we in no way intend to adopt other, uncited sections of the pretrial release chapter.

bail and remand for a redetermination of the motion for bail in light of this opinion. The trial court is authorized to consider the evidence already before it as well as any additional evidence it may wish to hear.

Furthermore, the trial court, in an order denying bond, must set forth the basis of its decision — i.e. whether it concludes the defendant (1) is likely to commit a serious crime, (2) intimidate witnesses, (3) otherwise interfere with the administration of justice or (4) will flee if released. In doing so, the trial court will assist the appellate courts in determining whether there had been an abuse of discretion in the denial of bond. This procedure is consistent with that adopted by the Court of Appeals in *Moore v. State,* 151 Ga. App. 413 (260 SE2d 350) (1979).

*Order denying bail vacated and case remanded to the trial court. All the Justices concur, except Undercofler and Marshall JJ., who concur specially, and Smith, J., who dissents.*

DECIDED APRIL 7, 1981.

*Walters, Davis, Smith & Hudson, W. Emory Walters,* for appellants.

*Thomas H. Pittman, District Attorney, C. Paul Bowden, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

UNDERCOFLER, Justice, concurring specially.

I do not dissent to remanding this case for further consideration. However, it is my opinion the trial judge was warranted in refusing bail. In addition to the evidence presented at the hearing, the trial court had before it the warrants for the arrest of Lane and Edwards for murder, as well as the State's file, of which it made an in camera inspection at appellants' request. The State's file was sealed and transmitted to this court for review. See *Wilson v. State,* 246 Ga. 62, 65 (268 SE2d 895) (1980).

I am authorized to state that Justice Marshall joins in this concurrence.

SMITH, Justice, dissenting.

While I agree with the standards and procedures adopted by the majority, I believe that, under the facts and circumstances of this case, bond should have been granted. Based upon the evidence presented to the trial court, the failure to admit appellants to bond was, in my view, an abuse of discretion. See *Watts v. Grimes,* 224 Ga. 227 (161 SE2d 286) (1974). I therefore respectfully dissent from the

judgment.