## 38929. WILCOX v. THE STATE.

CLARKE, Justice.

This appeal is from the order of the trial court denying appeal bond. On January 14, 1982, Wilcox was convicted of murder in Lowndes County and sentenced to life imprisonment plus twelve months for concealing a death. The appeal bond was denied after hearing on January 19, 1982.

A notice of appeal was filed on February 10, 1982. Before the appeal was docketed here Wilcox filed a habeas corpus action in the United States District Court for the Middle District of Georgia. On June 18, 1982, the federal court ruled that it would hold the matter in abeyance until August 10, 1982, in order that state remedies might be exhausted. The record from the denial of the appeal bond was docketed here July 2, 1982. Although enumerations of error and brief have been filed, no motion to expedite has been filed on behalf of appellant.

While a trial judge may have broader discretion to deny appeal bonds in capital cases than that authorized by *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976), cert. den. 436 U.S. 945, it is unnecessary to consider the extent of that discretion in this case. The trial court here found the presence of five *Birge* factors: that the defendant was likely to flee, to obstruct the administration of justice, to intimidate witnesses, to commit other serious crimes, and that the appeal was taken for purposes of delay.

A finding of any one of these factors is a sufficient ground for denial of appeal bond. A review of the record of the appeal bond hearing reveals that the trial judge did not abuse his discretion in denying the bond.

*Judgment affirmed. All the Justices concur, except Hill, P. J., who concurs in the judgment only.*

DECIDED JULY 30, 1982.

*Coleman & Kitchens, Wilby C. Coleman, Cook & Palmour, Bobby Lee Cook,* for appellant.

*H. Lamar Cole, District Attorney, Michael J. Bowers, Attorney General,* for appellee.

---

*Note:* The following is a dissent in *Couch v. Wallace,* page 568, ante.

JORDAN, Chief Justice, dissenting.

Subsequent to the opinion being rendered in this case, it has come to my attention that the result is in conflict with this Court's decision in *McLanahan v. Keith,* 239 Ga. 94 (236 SE2d 52) (1977). The *McLanahan* case was not cited or referred to in the opinion in this case.

The only factual distinctions between the two cases is that in the *McLanahan* case there was a voluntary dismissal, and in the case sub judice the dismissal was involuntary. In my opinion this is a distinction without a difference, and the result is that the holding in these cases is in conflict.

I am authorized to state that Presiding Justice Hill concurs in this dissent.