## 65929. FOSTER v. THE STATE.

SOGNIER, Judge.

Appellant Foster was arrested and indicted for aggravated assault with intent to rape and possession of a weapon during the commission of a felony. Appellant's motion for pretrial bail was denied. Notice of appeal was filed; appellant claims error in the denial of bond prior to a conviction.

OCGA § 17-6-1 (Code Ann. § 27-901) was amended effective November 1, 1982 to add aggravated assault to the crimes which are bailable only before a judge of the superior court and within the sound discretion of the judge.

The denial of bond in these circumstances has now been made directly appealable. OCGA § 17-6-1 (c) (Code Ann. § 27-901): "If the person charged with a felony listed in paragraph (2) of subsection (b) or the prosecuting attorney is aggrieved by a decision of the court, such order may be appealed."

The trial court conducted a hearing and denied bail stating in its order only that the offense is of a serious nature in that it involves a sex crime. We have expedited this appeal so that the matter would not be rendered moot.

In *Lane v. State,* 247 Ga. 387 (276 SE2d 644) (1981) the Supreme Court held that an order denying bond prior to trial must set forth the basis of the trial court's decision and the standards used must be

those articulated in *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976). OCGA § 17-6-1 (c) (Code Ann. § 27-901) mandates that the superior court make findings regarding these standards under certain circumstances not applicable here. Here, where there are no prior convictions, under OCGA § 17-6-1 (a) (Code Ann. § 27-901) the decision is a matter for the sound discretion of the court.

However, we think the rule applied in *Lane* should apply in the instant case: "Furthermore, the trial court, in an order denying bond, must set forth the basis of its decision — i.e. whether it concludes the defendant (1) is likely to commit a serious crime, (2) intimidate witnesses, (3) otherwise interfere with the administration of justice or (4) will flee if released. In doing so, the trial court will assist the appellate courts in determining whether there had been an *abuse of discretion in the denial of bond.* This procedure is consistent with that adopted by the Court of Appeals in *Moore v. State,* 151 Ga. App. 413 (260 SE2d 350) (1979)." (Emphasis supplied.) Id. at 389.

Since we find no basis for the denial of bond set forth in the order which meets the *Birge* standards, we remand the matter to the trial court for further evidentiary hearing and an order thereon consistent with the requirements of the Supreme Court set forth in *Lane v. State.*

*Judgment remanded. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 14, 1983.

*Robert C. Sacks,* for appellant.
*W. Bryant Huff, District Attorney, Johnny R. Moore, Assistant District Attorney,* for appellee.