that the use of the [knife] was unnecessary (i. e. . . . . excessive)." *Crawford,* supra, p. 94, The distinction made in *Crawford* as to guns and knives, or other items, is, we think, not intended to imply that a gun is the only deadly weapon which, when allegedly used in self-defense in an unlawful (excessive) manner, constitutes the reckless conduct crime. *Crawford,* supra. Such a conclusion would strain common sense. If the appellant did not deliberately intend to kill the victim we can think of nothing more reckless and unlawful than her going to confront him with a 12-1/2 inch butcher knife, the deadly force of which is "known to all," hidden in her pants. The evidence did not authorize a charge of lawful act-unlawful manner-involuntary manslaughter.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 19, 1983.

*Howard S. McKelvey, Jr.,* for appellant.

*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney,* for appellee.

65672. IN RE T.E.D.

SHULMAN, Chief Judge.

T.E.D., a 14-year-old juvenile from South Carolina, was arrested by Georgia state troopers on August 10, 1982, after a high speed auto chase which resulted in the death of one man. Citations were issued to T.E.D. for various traffic offenses, assault with a motor vehicle, and vehicular homicide. A petition alleging delinquency was filed on August 13, and a hearing on the petition was held on August 20. The hearing was not reported and no findings were filed by the trial court. However, the parties agree that, on August 20, the trial court orally ordered that the child be returned to South Carolina. On August 23, the trial court revoked all orders entered in the case, reopened the case, and rescheduled the hearing for August 25. Pursuant to the juvenile's request, the hearing was continued. On August 27, a petition to transfer jurisdiction of the case to the superior court was filed and a hearing on that petition scheduled for September 1. The juvenile filed a plea in bar and objection to the transfer petition, which motion was denied at the September 1 hearing. Counsel for the

juvenile then presented the court with a notice of appeal from the order denying the plea in bar and objection to the transfer and requested that the proceedings terminate with the filing of the notice of appeal. The request was denied, the transfer hearing was held, and an order transferring the juvenile to superior court to be tried for murder was entered. The juvenile has appealed from the denial of his plea in bar and objection to the transfer as well as the trial court's refusal to terminate the transfer hearing upon presentation of the notice of appeal.

The Juvenile Court Code of Georgia (OCGA Ch. 15-11 (Code Ann. Title 24A)) requires that a trial court set a date for a hearing on a petition alleging delinquency, which date "shall not be later than ten days after the filing of the petition" if the child is in detention. OCGA § 15-11-26 (Code Ann. § 24A-1701). Furthermore, unless waived by the juvenile or his representative, the proceedings must be recorded. OCGA § 15-11-28 (b) (Code Ann. § 24A-1801). After hearing the evidence on the petition, the trial court must "make and file its findings as to whether the acts ascribed to the child were committed by him." OCGA § 15-11-33 (a) (Code Ann. § 24A-2201). A dispositional hearing follows. OCGA §§ 15-11-33 (b); 15-11-35 (Code Ann. §§ 24A-2201; 24A-2302). An alternative to the foregoing proceedings is available in select cases if, prior to hearing the merits of the petition alleging delinquency, the juvenile court terminates its jurisdiction over the case by transferring it to the appropriate court for prosecution. OCGA § 15-11-39 (Code Ann. § 24A-2501).

The case now before us presents a situation in which a hearing on the petition alleging delinquency was timely held but was neither recorded nor followed by the making and filing of findings by the presiding judge. The state wishes to take advantage of these errors of the trial court by asserting that the errors completely voided the proceedings and placed the case in a posture where a petition alleging delinquency had been filed but no hearing held. We refuse to condone such a procedure or such a result. Since the parties agree that a hearing was held on August 20 and that the trial court issued an order during the hearing, and since we believe that both a transcript of the hearing and a written version of the trial court's order are material to the present appeal, we remand the case to the juvenile court with direction that the court reduce to writing its findings and conclusions of August 20 and that a transcript of the August 20 proceedings be prepared pursuant to OCGA § 5-6-41 (g) (Code Ann. § 6-805). The parties will have the right to renew the present appeal within 30 days of the entry of the mandated order by the trial court.

*Case remanded with direction. McMurray, P. J., and Birdsong, J., concur.*

Decided April 19, 1983.

*Ralph L. Van Pelt,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.

## 65713. PITTARD MACHINERY COMPANY v. EISELE CORPORATION.

Carley, Judge.

On June 21, 1982, the plaintiff-appellee filed suit to recover an alleged indebtedness in the amount of $10,710.74. The defendant-appellant acknowledged service of the complaint on June 30, 1982, but filed no answer. On August 17, 1982, 47 days later, a default judgment was entered for appellee in the amount sought, plus interest and costs. On September 17, 1982, the appellant filed a motion to set aside the default judgment, and this appeal is from the denial of that motion.

1. The appellant contends that the alleged damages were unliquidated, and that the appellee was consequently required by OCGA § 9-11-55 (a) (Code Ann. § 81A-155) to introduce evidence establishing the amount thereof. The suit was *ex contractu,* seeking recovery of the sale price of certain machinery. The price was both alleged in the complaint and shown by copies of an invoice and an "acknowledgement of order" which were attached as exhibits to the complaint. Since both the fact of the sale and the price of the machinery were deemed admitted by the failure to file a timely answer or to open the default, the court did not err in treating the damages as liquidated. See generally *Henry v. Adair Realty Co.,* 141 Ga. App 182 (1) (233 SE2d 39) (1981); *Copelan v. O'Dwyer,* 159 Ga. App. 750, 751 (285 SE2d 216) (1981).

The appellant's reliance on the holdings in *Maddox v. Wagner,* 111 Ga. 146 (36 SE 609) (1900) and *Dilman Bros. v. Patterson Produce &c. Co.,* 2 Ga. App. 213 (1) (58 SE 365) (1907), to the effect that the breach of an executory contract for the purchase of goods will not support an action on open account for the price thereof, is misplaced for two reasons. First, the pleadings in this case do not suggest that the sale contract was executory. Second, OCGA § 9-11-55 (a) (Code Ann. § 81A-155) imposes no requirement that the cause of action be based on open account in order for the damages to