## 40029. HARDIN v. THE STATE.

HILL, Chief Justice.

Following conviction for murder of her husband, defendant filed an application for appeal bond. After a hearing, at which the defendant offered evidence and the State offered none, the trial court entered an order denying the application, but setting forth no reasons for its ruling. Defendant filed this appeal, OCGA § 17-6-1 (c) (Code Ann. § 27-901), alleging that the trial court erred in denying bond without articulating the standards used in exercising its discretion. Defendant requests that this court formulate standards to guide the trial courts in determining whether appeal bonds should be set in cases where the defendant has been convicted of a capital felony.

As defendant points out, in 1976 this court adopted standards to be used by the trial courts in determining whether to grant appeal bond in non-capital felony cases, *Birge v. State,* 238 Ga. 88, 90 (230 SE2d 895) (1976). *Birge* was similar to this case in that it involved post-conviction bond; it was dissimilar in that it involved a non-capital felony.[1] In *Birge* we adopted the ABA Standards on release pending appeal, with one addition. *Birge v. State,* supra, 238 Ga. at 90.

Subsequently, in *Lane v. State,* 247 Ga. 387 (276 SE2d 644) (1981), we adopted standards for use in determining whether to grant bail prior to trial in capital felony cases. Again we turned to the ABA Standards, this time adopting the standard governing pretrial release in capital felony cases. *Lane v. State,* supra, 247 Ga. at 388. We further held that the trial court must set forth the basis for its action in order to aid the appellate courts in determining whether there had

---

[1] Birge had been convicted of hindering apprehension or punishment of a criminal by participating in the destruction of the police file on a marijuana case against his son.

been an abuse of discretion. Id. at 389. *Lane v. State* is inapplicable here because the majority of the reasons for bail prior to trial cease to exist upon conviction.[2]

In this case, the trial court conducted a hearing on the defendant's motion for appeal bond. At the hearing, defendant's attorney contended that the *Birge* standards should apply because this case, like *Birge,* arises post-conviction. The trial judge disagreed and stated his opinion that *Birge* did not apply to capital felonies. Rather, the trial judge viewed the motion as being committed entirely to his sound discretion and simply denied it. Compare *Wilcox v. State,* 249 Ga. 734 (293 SE2d 716) (1982).

We affirm the action taken by the trial court. While we recognize that the ABA Standards adopted in *Birge* do not distinguish between capital and non-capital felonies, we decline to adopt them for use in determining whether to grant bond pending appeal of a murder conviction.

The denomination of certain crimes as capital felonies is an expression of our society's view that these crimes are more heinous than other classes of crimes, with murder being the most heinous of all capital felonies.[3] It follows that defendants convicted of capital felonies, particularly murder, should be and are treated differently than defendants convicted of non-capital felonies and misdemeanors. Permitting a defendant who has been convicted of murder to return to the community pending appeal undermines public confidence in the judicial system. Therefore, the mere fact that the defendant stands convicted of murder is sufficient in and of itself to explain why an appeal bond is denied. We hold that the action taken by the trial court in this case was correct; that is, whether to grant a defendant bond on appeal following conviction for murder is a matter committed entirely to the discretion of the trial court.

We therefore find it unnecessary to formulate standards to be considered by a trial court in deciding whether or not to grant an appeal bond to a person convicted of murder. As stated above, conviction of murder is reason enough to deny an appeal bond, and no further finding need be made by the trial court.

---

[2] OCGA § 17-6-1 (a) (Code Ann. § 27-901), as amended, is applicable to capital "offenses," not convictions.

[3] Unlike some other capital felonies, the statutory mandatory minimum sentence for murder is life imprisonment. Allowing appeal bonds for persons convicted of murder would operate as a reduction of the sentence.

*Judgment affirmed. All the Justices concur, except Smith and Gregory, JJ., who dissent.*

DECIDED OCTOBER 18, 1983.

*Hartley, Rowe & Fowler, G. Michael Hartley, Garland, Nuckolls & Catts, John R. Hesmer, Donald F. Samuel, Steven H. Sadow,* for appellant.

*Frank C. Winn, District Attorney, Michael J. Bowers, Attorney General,* for appellee.

GREGORY, Justice, dissenting.

I would adopt the standards of *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976) to be used in capital felony cases on appeal.

I am authorized to state that Justice Smith joins in this dissent.