## 67499. MERRITT v. THE STATE.

BIRDSONG, Judge.
Eddie Merritt has been indicted for murder and burglary. After indictment but before a commitment hearing, he moved for pretrial bail. At that hearing, several witnesses testified that Merritt was of

good character, that they did not believe he would attempt to abscond nor intimidate witnesses. Moreover, each indicated they would be willing to assign their real estate interest as security for Merritt's bond.

It was shown by the state that the state was asking for the death penalty and that two witnesses to be called by the state were the only eyewitnesses to the alleged crime. Although Merritt left the scene of the homicide, he subsequently surrendered himself upon learning the police were looking for him. However at that time, he was not aware that the state would be seeking the death penalty. The trial court at the conclusion of the hearing on bail made findings that because the state is seeking the death penalty, there is a substantial risk that Merritt might flee the jurisdiction. The court further concluded that there was a substantial risk that Merritt might seek to intimidate either one or both of the eyewitnesses to the crime. On those two bases, the trial court denied pretrial bail. Merritt brings this appeal seeking a review of the trial court's order. *Held:*

The denial of bond under such circumstances is an appealable order to this court. OCGA § 17-6-1 (c) (Code Ann. § 27-901); *Foster v. State,* 165 Ga. App. 137 (299 SE2d 420).

In considering the granting or denial of pretrial bail, the trial court is required to consider numerous factors, among which are the seriousness of the offense, the penalty of the offense, probability of the defendant to serve sentence, the likelihood of a great temptation to influence or intimidate adverse witnesses, and similar factors. *Jones v. Grimes,* 219 Ga. 585 (134 SE2d 790). The granting or refusal of bail in capital cases is a matter peculiarly within the discretion of the judge of the superior court, and will not be controlled, unless it has been manifestly and flagrantly abused. *Lane v. State,* 247 Ga. 387, 388 (276 SE2d 644). To assist an appellate court in determining whether there has been an abuse of discretion, the trial court must make an affirmative finding that the defendant is likely to commit a serious crime, intimidate witnesses, or will flee if released. *Moore v. State,* 151 Ga. App. 413 (260 SE2d 350).

In this case, the trial court made affirmative findings that because of the possibility of a death penalty, the court could have no assurance that Merritt would not flee the jurisdiction if granted pretrial freedom nor that he might not seek to influence or intimidate the two eyewitnesses (with whom Merritt apparently enjoyed prior good relations).

The trial court having furnished us with the specific grounds upon which it denied the motion for bail, we need only determine whether the court manifestly and flagrantly abused its discretion. In view of the nature of the crime charged and the potential sentence in

the case, we cannot hold as a matter of law that there has been any abuse of discretion and certainly not a manifest and flagrant abuse thereof.

*Judgment affirmed. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 16, 1984.

*Charles R. Reddick,* for appellant.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.