## 67641. DANIEL v. THE STATE.

Sognier, Judge.

Appellant was convicted of carrying a concealed weapon and carrying a weapon without a license, and appeals (1) on the general grounds. He also contends the trial court erred (2) by charging the jury as to the meaning of the word "home," and that the yard was outside the home; and (3) by expressing an opinion as to the meaning of "outside the home."

The Floyd County police responded to a call that appellant had a pistol and was causing a disturbance at Wendy Brown's residence in East Rome, Georgia. On arrival of the police, appellant was in Brown's front yard; the police removed a loaded pistol from appellant's pocket. Appellant had no license to carry the gun.

1. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends that the trial court erred by charging the jury that a yard is "outside the home" within the meaning of Code Ann. § 26-2901 (now OCGA § 16-11-126), which prohibits a person from carrying a concealed weapon outside of his home without a license. There is nothing in the transcript to indicate that the trial court charged the jury that the yard is "outside his home" within the meaning of the statute. Thus, there is nothing for us to review, as this court cannot consider factual representations in a brief which do not appear in the record. *Gray v. State,* 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980). We note parenthetically that appellant was not in the yard outside *his* home, but was apprehended in the yard of Wendy Brown's residence, which was clearly outside of *appellant's* home, as defined in the statute.

3. Appellate counsel has filed an affidavit from appellant's trial counsel stating that in response to a question from the jury, and after an overnight recess, the trial judge told the jury that "I could find no law on this question, but in my opinion the yard was outside the house." Appellant contends this was an unauthorized expression of opinion. However, this statement is not in the transcript, and the record was not corrected as provided for in OCGA § 5-6-41 (f). The affidavit of appellant's trial counsel does not meet the requirements of that statute, and as the alleged erroneous statement is not in the

transcript, this court cannot consider this enumeration of error. *Henderson v. Lewis*, 128 Ga. App. 28 (1) (195 SE2d 289) (1973).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED MAY 3, 1984.

*R. Everett Anderson*, for appellant.

*F. Larry Salmon*, District Attorney, *Bert Wayne Cohen*, Assistant District Attorney, for appellee.