41797. BROWNING v. THE STATE.
(330 SE2d 879)

BELL, Justice.
Browning was found guilty of armed robbery and two counts of kidnapping. She received a 15-year sentence for the armed robbery and two 15-year sentences for kidnapping, all three sentences to be served concurrently. Browning subsequently moved for appeal bond. As part of that motion, Browning contended that OCGA § 17-6-1 (d), which provides that "[n]o appeal bond shall be granted to any person who has been convicted of murder, rape, armed robbery, kidnapping, or aircraft hijacking and who has been sentenced to serve a period of incarceration of seven years or more," violates the due process and equal protection clauses of the United States Constitution. The trial court denied Browning's motion for appeal bond and ruled that

OCGA § 17-6-1 (d) was constitutional. Browning appeals, and we affirm.

1. Before reaching the merits of Browning's contentions, we find it instructive to review the development of Georgia law relating to the granting of bond following conviction of a felony. In *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895) (1976), this court, in delineating standards to be used by trial courts in determining whether to grant appeal bond in non-capital felony cases, "adopted the ABA standards on release pending appeal, with one addition. *Birge v. State*, supra, 238 Ga. at 90." *Hardin v. State*, 251 Ga. 533 (307 SE2d 669) (1983). In *Hardin v. State*, id., we declined to apply the standards set forth in *Birge* to a defendant convicted of murder, a capital felony. We noted that the "denomination of certain crimes as capital felonies is an expression of our society's view that these crimes are more heinous than other classes of crimes . . . . It follows that defendants convicted of capital felonies, particularly murder, should be and are treated differently than defendants convicted of non-capital felonies and misdemeanors. Permitting a defendant who has been convicted of murder to return to the community pending appeal undermines public confidence in the judicial system." Id. at 534. We therefore held in *Hardin* that "the mere fact that the defendant stands convicted of murder is sufficient in and of itself to explain why an appeal bond is denied." Id. at 534. Accordingly, we found it unnecessary at that time to formulate standards pursuant to which a trial court would determine whether a person convicted of murder is entitled to appeal bond. Following *Hardin*, the General Assembly amended subsection (d) of OCGA § 17-6-1 to provide that persons convicted of the capital felonies enumerated therein who are sentenced to seven years or more are not entitled to bond pending appeal. Ga. L. 1984, p. 760, § 1.

2. Browning contends, inter alia, that OCGA § 17-6-1 (d) violates equal protection and due process guarantees, in that of all persons convicted of murder, rape, armed robbery, kidnapping, and hijacking, OCGA § 17-6-1 (d) establishes a class of those sentenced to seven years or more who cannot obtain appeal bond.[1] We disagree.

We start with the proposition that there is no constitutional right to bond pending appeal, see, e.g., *Sellers v. State*, 374 F2d 84, 85 (5th Cir. 1967); *Wilcox v. Carter*, 545 FSupp. 1043 (1, 2) (MD Ga. 1982); *Griffith v. State*, 641 P2d 228 (3) (Alaska App. 1982); *Spitznas v. State*, 648 P2d 1271, 1273 (Okl. Cr. 1982), but that once a state undertakes to establish a system for prisoners to be released on bail pending appeal, it must not violate equal protection or due process

---

[1] Of course, persons convicted of murder and hijacking receive mandatory minimum life sentences, and will never be entitled to bond under the scheme set up by OCGA § 17-6-1 (d).

guarantees. *Wilcox v. Carter*, supra, 545 FSupp. at 1048-49; *Griffith v. State*, supra, 641 P2d at 231; *Young v. Hubbard*, 673 F2d 132 (1) (5th Cir. 1982).

a. With regard to Browning's equal protection claim, since no fundamental right is involved, we need only determine whether the legislature's classification in OCGA § 17-6-1 (d) is rationally related to a legitimate state interest. *Hargrove v. State*, 253 Ga. 450 (3) (321 SE2d 104) (1984); *Davis v. State*, 248 Ga. 783, 784-785 (286 SE2d 430) (1982). In other words, " '(i)f the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." (Cits.)' *Dandridge v. Williams*, 397 U. S. 471, 485 (90 SC 1153, 25 LE2d 491) (1970). Rather, 'this inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinction is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary. [Cits.] Such action by a legislature is presumed to be valid.' *Massachusetts Board of Retirement v. Murgia*, 427 U. S. 307, 314 (96 SC 2562, 49 LE2d 520) (1976); See Tribe, American Constitutional Law, (1978), § 16-2, p. 994." *Kelley v. State*, 252 Ga. 208 (2) (312 SE2d 328) (1984).

Here, we find that OCGA § 17-6-1 (d)'s classification is rationally related to at least two legitimate state interests. First, it is rationally related to the promotion of public confidence in the judicial system by prohibiting persons given longer sentences for serious crimes from returning to the community pending appeal. See *Hardin v. State*, supra, 251 Ga. at 534. Similarly, in providing that persons convicted of serious crimes who receive longer sentences are not entitled to appeal bond, it is rationally related to the legitimate objective of assuring that such persons will not flee pending the outcome of their appeal. See *Spitznas v. State*, supra, 648 P2d at 1273.

Although it is possible that OCGA § 17-6-1 (d)'s classification based on sentences of seven years or more is not drawn with mathematical nicety, and may in practice result in some inequality, perfection in drawing classifications is not required. *Kelley v. State*, supra, 252 Ga. at 209. On balance, we conclude that subsection (d)'s classification is not arbitrary, but instead represents a rational legislative act and does not violate equal protection. See *Spitznas v. State*, supra, 648 P2d at 1273; *Young v. Hubbard*, supra, 673 F2d at 134; *United States ex rel. Fink v. Heyd*, 287 FSupp. 716 (E.D. La. 1968).

b. Finally, we address Browning's contention that OCGA § 17-6-1 (d) violates due process by taking away the right of those offenders who fall within its parameters to have a judicial officer exercise his or her discretion as to whether the offender is entitled to bond. The case relied on by Browning to support this argument, *Hunt v. Roth*, 648

F2d 1148 (8th Cir. 1981), vacated as moot, 455 U. S. 478 (102 SC 1181, 71 LE2d 353) (1982), is inapposite to the instant case because it involved the denial of the pre-trial right to bail. Here, we are dealing with the denial of the right to bail pending appeal. As has already been noted, there is no such absolute right to bail; there is only the requirement that if a state sets up a classification of bailable and non-bailable offenses, the classification must not violate the guarantees of equal protection and due process. We have found that no such violations exist with regard to the scheme set forth by OCGA § 17-6-1 (d).

*Judgment affirmed. All the Justices concur, except Hill, C. J., not participating.*

DECIDED JUNE 27, 1985.

*Word, Cook & Word, Gerald P. Word,* for appellant.
*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney,* for appellee.