A89A1523. HARDY v. THE STATE.
(386 SE2d 731)

McMurray, Presiding Judge.

Following the issuance of two warrants charging appellant with trafficking in cocaine and selling cocaine, appellant was arrested and incarcerated. Thereupon, appellant moved for the setting of bond and, with the consent of the district attorney's office, bond was set at $40,000. Upon his release, appellant was arrested again and charged with trafficking in cocaine on two other occasions. These charges pertained to incidents which occurred before appellant's arrest. Appellant again moved for the setting of bond. This time, the motion was opposed by the district attorney's office and bond was denied, the superior court ruling that there was a substantial likelihood appellant would commit additional crimes (i.e., sell cocaine) if he was released. This appeal followed. *Held*:

1. The denial of bond under these circumstances is directly appealable. *Foster v. State*, 165 Ga. App. 137 (299 SE2d 420); Ga. L. 1988, pp. 358, 360.

2. In determining whether bond was denied properly in cases of this kind, we apply a "flagrant abuse" standard. *Reed v. State*, 134 Ga. App. 47, 48 (213 SE2d 147). In other words, the superior court's discretion will not be controlled unless it was manifestly or flagrantly abused. Id.

The considerations to be employed by the superior court in granting or denying pre-trial bonds are the same as the considerations to be employed in granting or denying appeal bonds. *Lane v. State*, 247 Ga. 387, 388 (276 SE2d 644); *Foster v. State*, 165 Ga. App. 137, supra. One such consideration is whether the person incarcerated is likely to commit a serious crime, i.e., a felony, upon being released. *Birge v. State*, 238 Ga. 88, 90 (230 SE2d 895); *Foster v. State*, 165 Ga. App. 137, supra. Release is authorized if the superior court finds the person incarcerated "[p]oses no significant risk of committing any felony pending trial." OCGA § 17-6-1 (e) (3).

In the case sub judice, the superior court concluded that there was a substantial likelihood appellant would commit a serious crime.

Given the additional serious crimes with which appellant was charged following his initial release, we cannot say the superior court flagrantly abused its discretion in reaching this conclusion. "Whether we agree with these findings and conclusions is not controlling. There is some evidence to support at least part of the underlying basis for the [superior] court's conclusion. Consequently, we do not find a flagrant abuse of the [superior] court's discretion in denying bail." *Cooper v. State*, 178 Ga. App. 709, 716 (11), 717 (345 SE2d 606). Accord *Parrish v. State*, 182 Ga. App. 247, 251 (355 SE2d 682).

*Judgment affirmed. Beasley, J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED SEPTEMBER 21, 1989.

*Harrison & Harrison, Samuel H. Harrison, G. Hughel Harrison,* for appellant.

*Thomas C. Lawler III, District Attorney, Daniel J. Porter, Debra K. Turner, Assistant District Attorneys,* for appellee.