## A92A2055. EFFEL v. EFFEL.
(428 SE2d 809)

BIRDSONG, Presiding Judge.

This is an appeal from the order denying appellant/defendant's motion for new trial. Appellee/plaintiff initiated suit for breach of contract; a bench trial was commenced but thereafter the trial court called up a jury to determine the value of certain precious metal scrap. For reasons not disclosed in the record, a transcript of the proceedings could not be obtained. Rather the record contains an attempted reconstruction of the transcript by the parties. After appel-

lant's counsel and one of appellee's co-counsel prepared the reconstruction and stipulated thereto, another of appellee's counsel took issue with the accuracy of the reconstruction. Both a withdrawal of stipulation to reconstruction of the transcript and an objection to reconstructed transcript were filed by appellee. Appellant's counsel filed the alleged reconstructed transcript. Review of the transcript of the hearing on the motion for new trial reveals that substantial differences exist between the parties as to the content of the reconstructed trial transcript, particularly as to the nature of the foundation laid for the opinion of appellee as to the value of the precious metal scrap, and as to the scope of her testimony concerning such matters. Likewise the attempted reconstruction of the transcript fails to establish clearly exactly what particular answer of appellee was objected to on the grounds of being speculative, or whether any other objections were made and the specific grounds asserted in support thereof. Neither does the record clearly reveal whether appellant ever entered a timely request to have the trial reported.

At the hearing on the motion for new trial, the trial court never ruled on the accuracy of the reconstructed transcript, whether one co-counsel had the authority to enter a binding stipulation as to the contents of the reconstructed transcript without the other counsel's participation and consent, whether the objections of appellee to the accuracy of the transcript were valid in whole or in part, or whether (assuming one co-counsel could bind another as to a stipulated reconstructed transcript) appellee's counsel were authorized to withdraw such stipulation. The hearing transcript does reveal that the trial court remembered at least some events which were not reflected in the reconstructed transcript, and that the trial court remembered generally what occurred at trial and would do the best it could to recall specifically what had transpired. The trial court's order is unclear whether it considered the reconstructed transcript accurate; the order does imply, however, that the court was not satisfied with the accuracy of the reconstruction, as it referred to the document merely as a purported stipulated transcript. The order also implies that the trial court considered certain evidence, which was properly before it, but which was not included within the attempted transcript reconstruction. *Held*:

1. This court cannot consider factual allegations in briefs not supported by the record. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223).

2. As a general rule, it is the duty of appellant to have the transcript or an adequate substitute thereof prepared pursuant to OCGA § 5-6-41. *Wright v. Southern &c. Properties*, 204 Ga. App. 538 (419 SE2d 764). Without access either to an official transcript or an adequately reconstructed transcript, this court cannot effect a proper dis-

position of the issues raised on appeal, and under such circumstances would be required to affirm the ruling of the trial court. Compare *Peterson v. State*, 204 Ga. App. 532, 534 (3) (419 SE2d 757); *Nodvin v. West*, 197 Ga. App. 92, 97 (3c) (397 SE2d 581). In this case, we note that the accuracy of the reconstructed transcript has not been conceded by appellee. Incidentally, we cannot ascertain from the state of the reconstructed transcript and the record whether appellee K. Leland Effel testified as an expert witness or whether she gave a lay opinion as to the value of the scrap (perhaps based on certain factors not currently appearing in the reconstructed record). In any event, faced with the disagreement of the parties as to the content of the transcript, "the trial court should have entered an order stating what transpired at trial, or, if it was unable to recall what transpired, it should have entered an order stating that fact." *Johnson v. Hubert*, 175 Ga. App. 169, 170 (2) (333 SE2d 21).

Accordingly, we will remove this case from the appeal docket and remand it to the trial court with direction to make those findings required by *Johnson*, supra. The parties shall have the right to file another appeal within 30 days of the entry of the mandated order by the trial court (Ga. Const. of 1983, Art. VI, Sec. I, Par. IV; see *In re T. E. D.*, 166 Ga. App. 322, 323 (303 SE2d 777)). In the event such an appeal is timely filed this court shall make a threshold determination, after examining the order of the trial court, whether the contents of the reconstructed transcript are adequate for appellate purposes within the meaning of *Peterson*, supra, and *Nodvin*, supra.

*Case remanded with direction. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 8, 1993.

*R. L. Littlefield, Jr.*, for appellant.
*Bates & Baum, Stanley M. Baum, Charles W. Wrinkle*, for appellee.

