## A96A1543. WOMACK v. THE STATE.
### (476 SE2d 767)

RUFFIN, Judge.

Hajj Womack is charged in a 93 count indictment alleging armed robbery, aggravated assault, possession of a firearm during the commission of a crime, kidnapping, carrying a concealed weapon and participation in criminal gang activity. We granted Womack's application for interlocutory appeal to consider whether the trial court erred in denying his petition for pre-trial bond. For reasons which follow, we affirm.

1. Womack asserts eight enumerations of error, all of which stem from the initial bond hearing. All eight enumerations rely upon the evidence heard by the trial court in the initial bond hearing. However, for reasons not disclosed by the record, the bond hearing was not recorded. In an order denying Womack's petition for reconsideration, the trial judge indicated that the judge acted properly in the initial hearing and there was "no basis to alter the previous order denying the request for a bond."

"OCGA § 5-6-41 'authorizes the submission of a transcript prepared from recollection only where the trial has not been reported or where, for some other reason, an actual transcript is not obtainable.'" *Whitt v. State*, 215 Ga. App. 704, 708 (3) (452 SE2d 125) (1994) (physical precedent only). "Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41. [Cits.]" *Thomas v. State*, 208 Ga. App. 367 (1) (430 SE2d 768) (1993) (physical precedent only).

The record in this case does not show that Womack moved the court, pursuant to OCGA § 5-6-41, to file a transcript of the proceeding in narrative form. Rather, Womack requests that this Court rely on his own summary of the testimony of the hearing and the affidavit of his trial counsel as to what took place during the hearing, over the objections of the State. "[F]aced with the disagreement of the parties as to the content of the transcript, 'the trial court should have entered an order stating what transpired at trial, or, if it was unable

to recall what transpired, it should have entered an order stating that fact.' " *Effel v. Effel*, 207 Ga. App. 643 (2) (428 SE2d 809) (1993). "Appellate courts are guided by the record and cannot rely on extra-judicial statements contained in arguments of counsel. [Cits.]" *Whitt* at 708. Where the record, as here, does not fully disclose what transpired at trial, "there is nothing for the appellate court to review. [Cits.]" *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980). See also *Effel*, supra.

Womack's brief contains his own summary of the testimony from the initial bond hearing. However, "unsupported factual assertions in briefs cannot be considered in the appellate process. [Cit.]" *Johnson v. Bruno's, Inc.*, 219 Ga. App. 164 (2) (464 SE2d 259) (1995). Since Womack's brief merely contains assertions of unstipulated facts which are not supported by the record or trial transcript, his brief is insufficient to carry his burden of proving the trial court erred in denying his petition for pre-trial bond. Additionally, although Womack has filed an affidavit from his trial counsel asserting what transpired at the hearing, "[t]he affidavit of appellant's trial counsel does not meet the requirements of [OCGA § 5-6-41 (f)]." *Daniel v. State*, 170 Ga. App. 795 (3) (318 SE2d 218) (1984).

2. Even if we were to remand the case to the trial court with direction to make such findings pursuant to *Effel*, supra, and the trial court entered an order supporting Womack's alleged facts, we would conclude that there has not been an abuse of discretion in the denial of bond.

"In determining whether bond was denied properly in cases of this kind, we apply a 'flagrant abuse' standard. [Cit.] In other words, the superior court's discretion will not be controlled unless it was manifestly or flagrantly abused. [Cit.]" (Indention omitted.) *Hardy v. State*, 192 Ga. App. 860 (2) (386 SE2d 731) (1989).

"In *Birge v. State*, 238 Ga. 88 (230 SE2d 895) (1976), we set out standards for determining whether or not to grant bond pending appeal. We find that similar considerations are relevant when a trial court is considering a motion for bond prior to trial. The defendant may be detained pending trial if the facts support a finding that the defendant is likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice or will flee if released." (Citation and punctuation omitted.) *Lane v. State*, 247 Ga. 387, 388 (276 SE2d 644) (1981).

In this case, the trial court "found there was reason to believe that there was a threat of additional crimes being committed if [Womack] was released from custody." See *Hardy*, supra at 860. Thus, the trial court stated one of the findings enunciated in *Lane*, thereby supporting the denial of bond. "Whether we agree with these findings and conclusions is not controlling." *Hardy*, supra. Accord-

ingly, we affirm the decision of the trial court.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Womack contends that only the first of his eight enumerations of error stems from the initial bond hearing and that although the record did not include a transcript of the bond hearing, the record does include a transcript of the February 2, 1996 motion for reconsideration hearing. In addition, he argues that at the February 2, 1996 motion for reconsideration hearing, the State offered no testimony and no evidence as to the reason bond should have been denied.

Womack's insistence that consideration of only his first enumeration of error is dependent on the transcript of the initial bond hearing is without merit. The record is clear and cannot be ignored that the trial court, in denying Womack's petition for reconsideration, clearly indicated that the trial judge who presided over the initial bond hearing acted properly and that there was no basis to alter the previous order denying bond. The February 2, 1996 hearing on the motion for reconsideration allowed the trial court to both reconsider the earlier decision and to hear "additional" evidence, including testimony from additional witnesses that were not available at the first hearing. The February 2, 1996 hearing did not in any way eliminate from the court's consideration the order of the initial bond hearing. In essence, Womack is asking this Court to review only the evidence that was presented at the February 2, 1996 hearing and to disregard the findings implicit in the trial court's order in the initial bond hearing. At the hearing on the motion for reconsideration, Womack presented numerous character witnesses. All of the witnesses testified that Womack is a person of good character and that they would do anything to support him. In addition, Womack testified that he did not commit the crimes of which he is accused and that he would cooperate with the State concerning the charges. Despite this testimony, the court found that there was reason to believe that there was a threat of additional crimes being committed if the defendant was released from custody. While we may differ with the trial judge's conclusion, we cannot say, on this record, that he committed error. The trial judge observed the demeanor of Womack's witness and he was authorized to believe or disbelieve the witnesses. In denying bond upon reconsideration, the trial judge sufficiently set forth his reasons for doing so in his order as required by the Supreme Court's holding in *Lane v. State*, 247 Ga. 387 (276 SE2d 644) (1981). We cannot say that he abused his discretion.

The initial bond hearing was not recorded for reasons not dis-

closed in the record. Without a transcript of the first hearing or a statutorily authorized substitute, this Court must assume that the judgment below was correct. *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980). It is the primary responsibility of the appellant to perfect the record on appeal. Moreover, it is well settled that one cannot complain of a verdict, judgment, ruling or order that his own legal strategy, trial procedure or conduct aided in causing. *Perryman v. Rosenbaum*, 205 Ga. App. 784, 790 (423 SE2d 673) (1992).

*Motion for reconsideration is hereby denied.*

DECIDED SEPTEMBER 11, 1996 —
RECONSIDERATION DENIED OCTOBER 7, 1996.

*Harry J. Bowden*, for appellant.

*Lewis R. Slaton, District Attorney, Mary D. Hanks, Kirby Clements, Jr., Shawn E. Lagrua, Assistant District Attorneys*, for appellee.