A11A1141. WASHINGTON v. THE STATE.

(715 SE2d 495)

McFADDEN, Judge.

Eric Washington appeals his convictions for burglary and carrying a concealed weapon. He argues that the trial court erred in admitting a photograph and that the evidence does not support the

convictions. Because we find that the state established a sufficient foundation for the admission of the photograph and that the evidence supports the convictions, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that the victim, Cartez Weaver, lived in an apartment in College Park. His neighbor, Lenora Alexander, happened to look out of her window and saw Washington and William Edwards walking toward the end of the apartment building. She saw one of the men push the door of Weaver's apartment, number 1904, with his shoulder. Weaver was not at home at the time, and no one had permission to enter his apartment. The men walked away from apartment 1904 and entered apartment 1901. Alexander called the police. While Alexander was still on the phone, she saw Washington and Edwards exit apartment 1901 and return to apartment 1904. Phelip Fox, who lived in 1901, and Antwan Haywood also exited 1901, although they did not enter 1904. One of the men began working the lock on the door. Washington and Edwards entered 1904. Alexander was still on the phone when Washington and Edwards exited the apartment. It looked as if they were concealing something under their shirts. All four men reentered apartment 1901, where the police arrested them a short time later. When the police arrested Washington, he had a small firearm in his rear pocket. Alexander identified the four men to the police.

The frame of the door to apartment 1904 was shattered. The apartment was ransacked. A ring, a necklace, a Kyocera cell phone and $800 were missing from the apartment.

The next day, Fox's father allowed the police to search his apartment. Weaver's mother accompanied them. Ms. Weaver saw items belonging to her son in the bathroom. The county photographer took a photo of the items on the bathroom counter.

1. Washington contends that the trial court erred in admitting the photograph of the items on the bathroom counter. Weaver identified his necklace, his ring and the cell phone from the photograph. The state later admitted the items themselves, and Weaver identified the ring and necklace as his, but testified that although the cell phone was similar to his, it was not his.

> As a general rule, before a photograph may be introduced in evidence, it must be authenticated by a showing that it is a fair and truthful representation of what it purports to depict. The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court.

(Citations and punctuation omitted.) *McCoy v. State*, 190 Ga. App. 258, 262 (6) (a) (378 SE2d 888) (1989). One of the officers who participated in the search of the Foxes' apartment testified that the photograph was a fair and accurate description of what he observed, the bathroom counter in the apartment. "Because that testimony satisfied the basic foundational requirements, the trial court did not err in [admitting the photograph]." (Citation omitted.) *Hamilton v. State*, 274 Ga. 582, 586 (8) (555 SE2d 701) (2001). The fact that Weaver testified that the cell phone was not his went to the weight, not the admissibility, of the photograph. See *CFUS Properties v. Thornton*, 246 Ga. App. 75, 78 (2) (539 SE2d 571) (2000).

2. "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." OCGA § 16-7-1 (a). The evidence, including the eyewitness testimony identifying Washington as one of the men who forced his way into Weaver's apartment and the fact that items were taken from the apartment, is sufficient to support Washington's burglary conviction. See *Morton v. State*, 276 Ga. App. 421, 422 (1) (623 SE2d 239) (2005).

At the time of the incident, the offense of carrying a concealed weapon was defined by OCGA § 16-11-126 (a) (2008) as when a person "knowingly has or carries about his or her person, unless in an open manner and fully exposed to view, any . . . firearm . . . outside of his . . . home or place of business. . . ." The evidence that when the police arrested Washington in the Foxes' apartment, he had a small firearm in his back pocket supports the conviction of carrying a concealed weapon. *Daniel v. State*, 170 Ga. App. 795 (1) (318 SE2d 218) (1984).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JULY 27, 2011.

*James W. Bradley*, for appellant.

202

*Tracy Graham-Lawson, District Attorney, Caroline C. Owings, Assistant District Attorney*, for appellee.