## 60383. DAVIDSON et al. v. THE STATE.

SHULMAN, Judge.

Co-defendants Fred, Annie and Teresa Davidson appeal their convictions of possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221). We affirm with direction.

The marijuana in question was found in several rooms of

appellants' residence: the kitchen, bathroom and master bedroom. Relying on the equal access rule, defendants submit that there was insufficient evidence to support their convictions inasmuch as another party (Larry Traylor) resided on the premises and had equal access to the marijuana. We disagree.

1. Even assuming the evidence presented at trial indisputably showed that a portion of the marijuana seized was found exclusively in Traylor's possession (i.e., that he occupied the master bedroom), the evidence nevertheless showed that contraband was also found in the kitchen and bathroom of defendants' residence, evincing defendants' non-exclusive joint possession of the controlled substance.

The equal access rule does not therefore rebut the presumption of defendants' possession of marijuana. See *Sheppard v. State,* 138 Ga. App. 597 (4) (226 SE2d 744); *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476).

Moreover, there was direct evidence of defendants' possession of the contraband. A witness for the state, an undercover agent, testified that he negotiated with co-defendants Annie and Teresa for the purchase of marijuana and that, in his presence and at Annie's direction, Teresa brought into the kitchen of defendants' residence a pound of marijuana to sell to the witness. This marijuana was later seized by police officers executing a search warrant for the defendants' premises.

Although Fred Davidson was not present either during the negotiations for the sale of the marijuana between the agent and defendants Annie and Teresa or when the defendants' premises were searched, there was direct evidence of his possession of marijuana. When being placed under arrest, he made the following statement which may be construed as an admission (see *Mangrum v. State,* 155 Ga. App. 334 (270 SE2d 874) (1980)): "There is no need for them [Annie and Teresa] to go. They don't know anything about it. I brought [the marijuana] here."

Inasmuch as the equal access rule does not preclude the defendants' conviction of possession of marijuana, we find that defendants' actual and constructive possession of the marijuana, coupled with direct evidence of their culpability, authorized their conviction of the offense charged.

2. Appellants contend that the trial court erred in overruling their motion to suppress, since the marijuana was seized pursuant to an invalid search warrant. Appellants do not claim that the personal reliability of the informant (upon whose information the warrant was issued) was not established, but submit that the affidavit failed to satisfy the second prong of the Aguilar-Spinelli test (for a

restatement of the test, see *Sams v. State,* 121 Ga. App. 46 (1) (172 SE2d 473)), in that the affidavit did not specifically state how the informer obtained the information or describe the criminal activity in such detail "that the magistrate may know it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.' " *Sams,* supra, p. 48. We must take issue with appellants' contentions.

The affidavit related that the informant personally observed contraband at appellants' residence. On the basis of *Johnston v. State,* 227 Ga. 387, 389 (181 SE2d 42), we conclude that the informant's observation was sufficient to establish the basis for his information of the contraband. See also *State v. Babb,* 134 Ga. App. 302 (1) (214 SE2d 397). Therefore, appellants' contentions of error in regard to the sufficiency of the search warrant are not meritorious.

3. Under the authority of *Keith v. State,* 238 Ga. 157 (231 SE2d 727), we find no error in the trial court's denial of appellants' request to have the state reveal the identity of the informant pursuant to its motion to suppress.

We do, however, agree that the trial court's failure to conduct a hearing to determine whether or not such disclosure should have been made pursuant to defendants' Brady motion requires that the case be remanded.

"Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1962), held that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment' . . . The evidence is material if it 'is of sufficient significance to result in the denial of the defendant's right to a fair trial' if not disclosed. [Cits.] Considered from this perspective, an absolute privilege against disclosure in every case involving an informer is impermissible where a Brady motion is made." *Thornton v. State,* 238 Ga. 160, 163 (231 SE2d 729).

"[T]he basis of both Brady and Roviaro [Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1956)] is fundamental fairness to the accused. Therefore, [Brady and Roviaro] must be read together where, as here, the question is disclosure of the identity of the state's [informant] . . .

"The trial judge must, therefore, conduct a hearing on the merits of the Brady motion and if he finds the evidence material under Brady weigh it against the state's privilege under Roviaro . . . In this case, the trial judge erred in refusing to consider appellant[s'] Brady motion for disclosure of the identity of the informer on its merits and in denying the motion solely on the theory that the identity was absolutely privileged. However, this error can be cured by a post-trial hearing before the judge in the trial court. If the trial judge

determines that disclosure should be required in this case, a new trial must be ordered. The judgment will be affirmed with direction that the trial court conduct a hearing to consider this issue. Appellant[s'] [are] granted leave to file a new appeal within 30 days of the decision of the trial judge on this issue if the decision is adverse to appellant[s] and appellant[s] [contend] the trial judge abused his discretion in his ruling." Id., pp. 164-166.

*Judgment affirmed with direction. Quillian, P. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 15, 1980 — DECIDED NOVEMBER 14, 1980 —

*Kenneth L. Gordon,* for appellants.
*William F. Lee, Jr., District Attorney,* for appellee.