## 62851. MILLER v. THE STATE.

BANKE, Judge.

The defendant was indicted for two counts of kidnapping and one count of armed robbery. He pled guilty to all three offenses and was sentenced on March 31, 1981. A subsequent motion to withdraw these pleas was denied, and this appeal followed. The defendant's principal contention is that the trial court erred in failing to require disclosure on the record at the time his plea was offered of any plea agreement existing between him and the state. *Held:*

1. In *State v. Germany*, 246 Ga. 455, 456 (271 SE2d 851) (1980), the Supreme Court held "that the time a plea is offered, the trial court shall, on the record, require the disclosure of any plea agreement which has been reached by the state and the defendant." The transcript of the plea hearing reveals a comprehensive explanation to the defendant of his various rights, including those waived by pleading guilty. He was also informed that the trial court was not obliged to abide by any sentence recommendation from the state's attorney. Later in the proceeding, upon a suggestion from the trial court, the state's attorney made a sentence recommendation which coincided with the sentence imposed by the trial court. The defendant does not state that a plea agreement existed. There is nothing in the record before us to show that such an agreement existed. Thus, we find no violation of the *Germany* mandate, nor possibility of harm to the defendant.

2. The defendant also enumerates as error the failure of the trial court "to appoint separate counsel for the purpose of representing appellant on the motion to withdraw guilty plea." At the hearing on the motion, the defendant acted as co-counsel with the attorney who had represented him at the time he entered his pleas. The basis for his motion to withdraw the pleas was that he did not understand his right to plead not guilty and to have a jury trial. He stated that he had been told by his defense attorney that he had no other choice but to plead guilty. The attorney stated that because of certain admissions, and perhaps confessions, which the defendant had made in a related murder trial held earlier, he had advised the defendant to plead guilty.

The court was not, of course, required to appoint separate counsel for the withdrawal hearing in the absence of some indication that the defendant had received less than effective assistance of counsel previously. The guilty plea transcript reveals that after being fully informed of his rights, including the right to a trial by jury, the defendant acknowledged his understanding of those rights, stated that he had consulted sufficiently with his attorney, and indicated

that he was satisfied with the attorney. "An accused may at any time before judgment is pronounced withdraw a plea of guilty and plead not guilty. Code § 27-1404. However, after the pronouncement of sentence, a motion to withdraw a plea of guilty addresses itself to the sound discretion of the trial court and this discretion will not be disturbed unless manifestly abused. *Thomas v. State,* 231 Ga. 298 (201 SE2d 415) (1973)." *Conlogue v. State,* 243 Ga. 141 (1) (253 SE2d 168) (1979). We find no abuse of discretion here.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED DECEMBER 4, 1981.

*Carl Greenberg,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Russell J. Parker, Assistant District Attorneys,* for appellee.