40442. KELLEY et al. v. THE STATE.

GREGORY, Justice.

Appellants were charged, along with 95 others, with selling alcoholic beverages to persons under 19 years of age in violation of OCGA § 3-3-23 (a)(1) (Code Ann. § 5A-510). It is undisputed that the individuals to whom these alcoholic beverages were sold were 18 years of age at the time the sales were made. The trial court denied appellants' pre-trial motion to dismiss their indictments on the ground OCGA § 3-3-23 (Code Ann. § 5A-510) is unconstitutional.

1. Appellants contend the statute is unconstitutionally vague in that subsection (d) permits 18-year-old members of the military to "purchase, consume and possess any alcoholic beverage," while subsection (a)(1) prohibits any person from furnishing alcoholic beverages "to any person under 19 years of age." Appellants argue that, read together, the two sections lead to the anomalous result of allowing an 18-year-old member of the military to purchase alcoholic beverages, but permitting no one to sell them to him.

A complete reading of subsection (a)(1) indicates, however, that *"Except as otherwise authorized by law:* No person knowingly, by himself or through another, shall furnish, cause to be furnished or permit any person in his employ to furnish any alcoholic beverage to

any person under 19 years of age." (Emphasis supplied.) Subsections (b), (c) and (d) carve out exceptions to this prohibition, including authorizing the purchase, consumption or possession of alcoholic beverages by 18-year-olds active in the military. OCGA § 3-3-23 (d) (Code Ann. § 5A-510). The clear intent of the statute is to preclude an individual from furnishing alcoholic beverages to a person less than 19 years of age unless that person is an active member of the military or meets the remaining exceptions to the statute.[1]

A statute is not void for vagueness if it informs as to what the State commands or forbids, and is drawn so that men of common intelligence need not be forced to guess at its meaning. *Monroe v. State,* 250 Ga. 30, 34 (295 SE2d 512) (1982); see also, *Armstrong v. Mayor &c. of Savannah,* 250 Ga. 121 (296 SE2d 690) (1982). We find OCGA § 3-3-23 (Code Ann. § 5A-510) is drawn with clarity sufficient to apprise persons of ordinary intelligence of the conduct sought to be prohibited.

2. Appellants maintain OCGA § 3-3-23 (Code Ann. § 5A-510) violates the equal protection clause of the Fourteenth Amendment (Code Ann. § 1-815 et seq.) because it treats 18-year-old members of the armed forces differently from all other 18-year-olds.

The parties agree that rationality is the appropriate standard by which to determine whether the alleged discrimination violates equal protection. That is "[i]f the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' [Cits.]" Dandridge v. Williams, 397 U. S. 471, 485 (90 SC 1153, 25 LE2d 491) (1970). Rather, "[t]his inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinction is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary. [Cits.] Such action by a legislature is presumed to be valid." Massachusetts Board of Retirement v. Murgia, 427 U. S. 307, 314 (96 SC 2562, 49 LE2d 520) (1976); See, Tribe, American Constitutional Law, (1978), § 16-2, p. 994.

In order to control access to alcoholic beverage with its attendant danger to society, our legislature has chosen to dif-

---

[1] The prohibitions of OCGA § 3-3-23 (a) (Code Ann. § 5A-510) do not apply "to the sale, purchase, or possession of alcoholic beverages for consumption (1) for medical purposes . . . (2) at a religious ceremony; or (3) in the home with parental consent." § 3-3-23 (b) (Code Ann. § 5A-510). Nor do the prohibitions apply where the person to whom the beverage is furnished supplies proper identification indicating he is 19 years of age. § 3-3-23 (c) (Code Ann. § 5A-510).

ferentiate between 18-year-old members of the armed forces and other 18-year-olds. A rational distinction, as it relates to the use of alcohol, exists. Members of the armed forces are selected from the rest of the population based on physical, mental and educational testing. They are subject to rigorous training for extended time periods throughout their service. They are accountable to their superiors and subject to discipline for inappropriate conduct. There is considerable risk that any person of any age, but particularly the young, will be unable to use alcohol appropriately. However, this risk is reduced for youthful members of the armed forces who stand out from the general population in training, discipline and accountability to authority. We find no violation of equal protection.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1984.

*Thomas F. Jarriel,* for appellants.
*Clarence H. Clay, Jr., Solicitor, Mark Baxter, Assistant Solicitor,* for appellee.