72130, 72131. MAY v. THE STATE (two cases).

(348 SE2d 61)

BENHAM, Judge.

Appellant was convicted of selling marijuana and appeals from the judgment entered on the jury verdict in Case No. 72131. The day following his conviction, appellant pleaded guilty to another charge of selling marijuana. In Case No. 72130, he appeals from the trial court's denial of his motion to withdraw the guilty plea.

1. The Chief of Police of Gordon, Georgia, testified that a confidential informant approached him and advised him that he, the informant, could purchase drugs. After searching the informant's car and strip searching the informant himself, the police chief gave the informant $10 with which to purchase marijuana. The informant told the witness he would purchase the contraband from appellant at his home on Holly Street. The police chief surveilled the address while his officers followed the informant to the scene. The police chief identified appellant as the man who came to the door at the Holly Street address, went back inside for a minute or two, and then returned to the front door where he and the informant executed an exchange. The informant, followed from the scene by police officers, returned to the police station where he surrendered a plastic bag of green, leafy material later identified as marijuana to the police chief.

Appellant maintains the evidence summarized above was insufficient to sustain his conviction because the eyewitness identification testimony was "incredible" and there was no proof of a "for cash value" transaction. The credibility of a witness is a matter for the trier of fact, and this court will not disturb the jury's finding unless it is insupportable as a matter of law. *Ingram v. State*, 170 Ga. App. 200 (3) (316 SE2d 825) (1984). Since we do not find that to be the situation in the case at bar, we will not disturb the jury's finding.

Appellant's assertion that no "sale" occurred because there was no evidence that the informant/buyer gave money to appellant for the marijuana is also without merit. "The term 'sale' is generally given a broader definition in the drug context than in other fields of law, so as to include not only the exchange of the goods for valuable consideration, but also barter and gift and often the offer or agreement to sell, exchange, give or otherwise transfer the drugs to another. [Cits.]" *Robinson v. State*, 164 Ga. App. 652 (1) (297 SE2d 751) (1982). Inasmuch as there was evidence that the informant gave appellant something in exchange for the marijuana, a "sale" was consummated. This is not to say, however, that a seller must always receive something in exchange for contraband in order for there to be a sale. See *Robinson*, supra.

2. Appellant claims the indictment charging him with the sale of marijuana was fatally defective in that it failed to allege that appel-

lant was not a licensed pharmacist and thus legally entitled to sell marijuana under certain conditions. See OCGA § 43-34-125. Appellant raised this issue in an amendment to his motion for new trial. Such an issue is generally one to be embodied in a motion in arrest of judgment. *Bramblett v. State*, 239 Ga. 336 (1) (236 SE2d 580) (1977). Although appellant's attack on the sufficiency of the substance of the indictment was contained in an amendment to his motion for new trial, we shall treat it as a motion in arrest of judgment. *Marshall v. State*, 229 Ga. 841 (1) (195 SE2d 12) (1972). However, motions in arrest of judgment must be made during the term at which the judgment was obtained. OCGA § 17-9-61 (b). In the case at bar, the judgment against appellant was obtained in the April term of court while the amendment attacking the indictment was made during the July term. OCGA § 15-6-3 (28) (H). Thus, appellant's motion was untimely and not subject to appellate review. We do note, however, that the legal capability of certain pharmacists to sell marijuana to certain customers is not an element of the offense of selling marijuana. See OCGA § 16-13-30 (b). Instead, the sale of marijuana to a certified patient by a certified pharmacist is a statutory exception to the general prohibition of marijuana sales. OCGA § 43-34-125. As such, it amounts to an affirmative defense (OCGA § 16-13-50), with the initial burden of producing evidence to support the affirmative defense resting upon the defendant. Once a defendant raises the issue at trial, it is then incumbent upon the State to disprove the defense beyond a reasonable doubt. *Walden v. State*, 251 Ga. 505 (3) (307 SE2d 474) (1983). Inasmuch as appellant never produced evidence to support the affirmative defense that he was a certified pharmacist selling marijuana to a certified patient, the State did not have to disprove the affirmative defense beyond a reasonable doubt.

3. Appellant next takes issue with the trial court's alleged failure to conduct a hearing pursuant to appellant's request for the identity of the confidential informant and the failure of the trial court to require the State to call the informant as a witness.

Appellant made no specific pre-trial request for the identity of the informant. In his *Brady* motion, however, he sought the "names, addresses, . . . of all persons known to the State of Georgia as having information or knowledge of the facts . . . including those witnesses to be called by the State [and] those persons the State of Georgia does not intend to call as witnesses . . ." During his cross-examination of the police chief, appellant's counsel sought the informant's identity and was denied that information.

"Where an informant is a mere tipster, disclosure of his identity is not required. [Cit.] But where the informer is a witness or participant, a request for disclosure requires the trial court to balance the benefits of disclosure to the defendant against the resulting harm to

the government. [Cits.] 'Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' [Cit.]" *State v. Royal*, 247 Ga. 309 (2) (275 SE2d 646) (1981). In the case at bar, no "factors mitigating in favor of disclosure" were presented to the trial court. Appellant "made no statement nor gave any indication as to how the testimony of the informant would benefit the defendant, nor did he indicate that he intended to rely upon a defense of entrapment." Id. In point of fact, appellant did not present an entrapment defense, relying instead upon a general denial of involvement. In light of the facts of this case and the Supreme Court's holding in *State v. Royal*, supra, the trial court did not err in refusing to require the State to reveal the informant's identity.

4. Appellant, represented by retained counsel, testified in his own defense. Appellate counsel, who did not represent appellant at trial, maintains the trial court erred in failing to determine whether appellant voluntarily, knowingly, and intelligently waived his constitutional privilege against self-incrimination. "[U]nder ordinary circumstances, where no statute requires it, and where the witness possesses ordinary intelligence and is under no duress, the judge need not inform the witness of his constitutional privilege. [Cit.]" *Coonce v. State*, 171 Ga. App. 20 (2) (318 SE2d 763) (1984) (where the "witness" was a defendant representing himself). We believe the trial court's role in this regard to be minimal in a case such as the present one, where the defendant is the witness and is represented by retained counsel. The trial court did not err in this regard.

5. Appellant claims entitlement to a new trial on the ground that he was not afforded effective assistance of counsel at trial. We decline to review appellant's claim since it was raised initially on appeal rather than in the trial court. *Moore v. State*, 254 Ga. 525 (6) (330 SE2d 717) (1985). Compare *Cook v. State*, 255 Ga. 565 (17) (340 SE2d 891) (1986).

6. Appellant's remaining enumerations concern allegedly prejudicial remarks made by the prosecuting attorney and alleged error in the jury charge. Since no objection to either the remarks or the charge were voiced by appellant at trial, appellant waived his objections. *Wright v. State*, 255 Ga. 109 (4) (335 SE2d 857) (1985); *Ross v. State*, 173 Ga. App. 313 (10) (325 SE2d 919) (1985).

7. In his appeal from the denial of his motion to withdraw his guilty plea, appellant contends his plea was entered without the effective assistance of counsel. He bases his contention on the fact that both he and his co-indictee were represented by the same attorney when they tendered their guilty pleas.

After pronouncement of sentence, the question whether a defend-

ant may withdraw his guilty plea addresses itself to the sound discretion of the trial court, whose decision will not be disturbed unless its discretion was manifestly abused. *Miller v. State*, 160 Ga. App. 639 (287 SE2d 643) (1981). Separate counsel is not required for each co-defendant in a case where the death penalty is not sought by the State. *Dean v. State*, 247 Ga. 724 (279 SE2d 217) (1981). It is permissible for the same attorney to represent co-indictees who tender guilty pleas. See *Ford v. State*, 248 Ga. 241 (282 SE2d 308) (1981).

8. Appellant maintains that his motion to withdraw the plea should have been granted because the indictment was void due to vagueness. We disagree. The indictment stated the offense so plainly that the nature of the offense charged was easily understandable. *Mealor v. State*, 135 Ga. App. 682 (1) (218 SE2d 683) (1975). Furthermore, failure to challenge an indictment prior to verdict amounts to a waiver. *Chappell v. State*, 164 Ga. App. 77 (1) (296 SE2d 629) (1982).

9. Establishment on the record or transcript of the factual basis of the plea of guilty is not necessary. *Ford v. State*, supra, Division 2.

10. In both appeals, appellant cites as error the denial of his motions for appeal bond. With the rendering of this opinion affirming appellant's convictions, any alleged error in the denial of the motions is rendered moot.

*Judgments affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 23, 1986 —
REHEARING DENIED JULY 11, 1986 —

*Audrey Biloon*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Assistant District Attorney*, for appellee.