## 75553. SKIPWORTH v. THE STATE.
### (365 SE2d 284)

POPE, Judge.

Defendant Earl W. Skipworth was convicted of possession of cocaine with intent to distribute. *Held*:

1. In his first enumeration defendant argues that the affidavit upon which the warrant to search his apartment was issued was insufficient because it failed to specify the dates on which the confidential informant observed the events enumerated therein. In a related enumeration, defendant also argues that the information contained in the affidavit was insufficient to overcome the issue of staleness.

"In *State v. Luck*, 252 Ga. 347 (312 SE2d 791) (1984), . . . [t]he Supreme Court held that '(t)ime is assuredly an element of the concept of probable cause. (Cit.) However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. (Cit.) When the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction. (Cit.)' *Luck v. State*, supra at 347." *Borders v. State*, 173 Ga. App. 110, 113 (325 SE2d 626) (1984).

In the present case, the affidavit, which was dated October 11, 1985, provided, in relevant part, as follows: "On 10-11-85, I (Inv. W. C. Britt), received information from a confidential and reliable informant who . . . was present at the above location and did personally observe the named subject selling, storing and concealing cocaine. The informant further states that cocaine is presently being sold, stored, and concealed inside of 518 Auburn Ave., NE Apt. # 2 upstairs by black male known only as Skip."

Based on the foregoing we are convinced that although the affidavit did not specify each and every date on which the informant observed the selling, storing and concealing cocaine, the information provided therein "certainly created 'a reasonable belief that the con-

ditions described in the affidavit still prevailed at the time of the issuance of the warrant.' " *Little v. State*, 173 Ga. App. 512, 513 (326 SE2d 859) (1985). See also *Landers v. State*, 183 Ga. App. 691 (2) (359 SE2d 748) (1987); *Ayers v. State*, 181 Ga. App. 244 (5b) (351 SE2d 692) (1986); *Cline v. State*, 178 Ga. App. 470 (1) (343 SE2d 506) (1986). Hence defendant's first two enumerations of error are without merit.

2. Defendant also contends that the search warrant was fatally defective because the presenting officer did not affirm under oath the contents of the supporting affidavit. Contrary to defendant's assertion, however, the testimony of Officer Britt is uncontradicted that the affidavit was presented under oath properly administered by the issuing judicial officer. Consequently, this enumeration is also without merit.

3. Lastly, defendant contends that the trial court erred in refusing to grant defendant's request for disclosure of the identity of the confidential informant who supplied the information contained in the affidavit.

"Public policy in Georgia favors nondisclosure of the identity of an informant in the interest of the free flow of information about criminal activity. (Cit.) *Grimes v. State*, 168 Ga. App. 372, 376 (5) (308 SE2d 863) (1983). But this is not conclusive. *Brady v. Maryland*, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963), held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment. The evidence is material if it is of sufficient significance to result in the denial of the defendant's right to a fair trial if not disclosed. (Cits.) Considered from this perspective, an absolute privilege against disclosure in every case involving an informer is impermissible where a *Brady* motion is made. *Thornton v. State*, 238 Ga. 160, 163 (231 SE2d 729) (1977).

"(T)he basis of both *Brady* and *Roviaro* (*Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1956)) is fundamental fairness to the accused. Therefore, (*Brady* and *Roviaro*) must be read together where the question is disclosure of the identity of the state's (informant).

"(T)he trial judge must, therefore, conduct a hearing on the merits of the *Brady* motion and if he finds the evidence material under *Brady* weigh it against the state's privilege under *Roviaro*. *Davidson v. State*, 156 Ga. App. 457, 459 (3) (274 SE2d 807) (1980); *Williams v. State*, 178 Ga. App. 581, 585 (3) (344 SE2d 247) (1986).

"Disclosure could be material to the defense where the informant is a witness or a participant, or entrapped a defendant into committing a crime he would not otherwise have committed. *Grimes v. State*, supra at 376 (5).

"However, if the court is satisfied that the informant was merely a tipster, that he did not participate in or witness the alleged crime, no further inquiry is necessary and the informant's identity remains privileged. (Cits.) *Dyer v. State*, 162 Ga. App. 773, 774 (2) (293 SE2d 42) (1982)." (Punctuation omitted.) *Roden v. State*, 181 Ga. App. 287, 290-91 (351 SE2d 713) (1986).

In the present case, defendant was charged with possession of cocaine with intent to distribute based on the contraband that was discovered in defendant's apartment at the time the warrant was executed. Because the testimony of Officer Britt is undisputed that the informant was not present at the time the warrant was executed and this contraband was found, the trial court was authorized to conclude that the informant was a mere tipster, who neither participated in nor witnessed the offense with which defendant was charged. Accordingly, the trial court did not err in refusing to require disclosure of the identity of the informant. Accord *State v. Mason*, 181 Ga. App. 806 (3, 4) (353 SE2d 915) (1987); *Roden*, supra; *May v. State*, 179 Ga. App. 736 (3) (348 SE2d 61) (1986); *Ramsay v. State*, 175 Ga. App. 97 (2) (332 SE2d 390) (1985).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 26, 1988.

*Harvey A. Monroe*, for appellant.
*Lewis R. Slaton, District Attorney, Chris Jensen, Assistant District Attorney*, for appellee.