## 76066. HOLMES v. THE STATE.
(369 SE2d 533)

SOGNIER, Judge.

Appellant was convicted of two violations of the Georgia Controlled Substances Act by selling cocaine, and he appeals.

1. Appellant asserts error in the trial court's failure to hold a hearing pursuant to his *Brady* motion (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)), seeking, in part, disclosure of the identity of a confidential informant.

Appellant's *Brady* motion did not contain a request for a hearing on disclosure of the informant's identity. Rather, appellant requested that the court conduct an in camera inspection of the State's file regarding all items requested. "[T]he trial court is not required to conduct an in camera inspection of the state's file in connection with a 'specific' *Brady* motion unless, after the state has made its response, the defense makes a request therefor." *Tribble v. State*, 248 Ga. 274, 276 (2) (280 SE2d 352) (1981). Since the record does not reflect that appellant made such a request, or otherwise objected, there was no error.

2. Appellant contends the evidence is insufficient to support the verdict. Stated briefly, the evidence disclosed that on February 17, 1987, an undercover GBI agent was introduced to appellant at his residence by a confidential informant. When the agent asked appellant if he could get "$20 worth," appellant sold $20 worth of cocaine to the agent. On April 28, 1987, the agent and the confidential informant saw appellant park his car at a convenience store. The agent parked behind appellant, went to his car, and asked appellant if he was "holding" anything. Appellant did not want to make a sale in front of the store and told the agent to follow him to another location. The agent followed appellant to an intersection in Dawson, Georgia, where appellant sold $60 worth of cocaine to the agent. We find this evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Appellant alleges the trial court erred by considering matter contained in a presentence report of investigation for purposes other than suspending or probating all or part of any sentence the court might impose. At the sentence hearing appellant objected only to that portion of the report which showed that appellant had two cases pending against him, and a previous case that was nolle prossed. Thus, *Threatt v. State*, 156 Ga. App. 345 (274 SE2d 734) (1980), relied on by appellant, is not applicable to the objections made by appellant. (We note further that the State had previously informed appellant it intended to introduce evidence of prior convictions.) In response to appellant's objections the trial judge stated on the record that it would not consider the pending cases in sentencing appellant,

because to do so would be improper since appellant was presumed innocent of those offenses until found guilty by a qualified jury. The court also stated it was not going to consider the prior case where there was a nolle prosequi. Since the court stated it would not consider the portions of the report objected to, there is nothing for us to review. *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 20, 1988.

*Joe C. Bishop*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.