A90A0831. ADAMS v. THE STATE.
(397 SE2d 153)

SOGNIER, Judge.

Dane Adams was convicted of possession of cocaine with intent to distribute and possession of a firearm by a convicted felon, and he appeals.

1. Appellant contends that the trial court erred by failing to conduct a hearing to determine whether the disclosure of the informant's identity was material to the defense. The transcript reveals that after a confidential informant made a controlled buy of crack cocaine at an apartment in Macon, Officer Johnny Prater obtained a search warrant, which he and other officers executed. The contraband and firearm seized during the search form the bases of the indictments brought against appellant. Discovery motions, including a general *Brady* motion (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)), were filed on behalf of appellant in the case pursuant to a standing court order, which also referenced the "open file" policy of the local district attorney's office in relation to criminal cases in that circuit. The order also required notice to be filed should the district attorney intend not to comply with the discovery motions. No such notice of noncompliance was filed, and there is no evidence

the State denied appellant any material he sought. The record reflects that appellant made no motion to suppress the evidence seized during the search, and no other motion to compel disclosure of the informant's identity was paired with the *Brady* motion. Compare *Crumbley v. State*, 189 Ga. App. 384, 385 (2) (375 SE2d 482) (1988). Upon trial of the charges, appellant announced ready, expressed no dissatisfaction with the discovery conducted, and raised no objection to the failure of the trial court to conduct a hearing on any issue. Other than a hearsay objection to testimony by Prater regarding what the informant had told Prater after the controlled buy, neither appellant nor appellant's co-defendant objected at trial to the State's evidence involving the informant or requested any witness to identify the informant.

Appellant cites *Thornton v. State*, 238 Ga. 160, 162-166 (2) (231 SE2d 729) (1977) in support of his argument that the trial court's failure to conduct a hearing on the identity of the informant was error. In *Thornton*, "[a *Brady*] motion was made prior to trial requesting [the disclosure of the identity of the informer]." Id. at 162 (2). By noting that the disclosure request in the context of a *Brady* motion raised a "novel" question, id., the Supreme Court in *Thornton* indicated that a general *Brady* motion does not normally encompass the disclosure of the identity of a confidential informant. See also *Moore v. State*, 240 Ga. 807, 814-815 (6) (243 SE2d 1) (1978) (State's disclosure of some items in file and trial court's in camera inspection of remainder meant "the trial court did all that it could and all that was required of it initially under [*Brady*]"). This is borne out by an examination of cases following *Thornton*, in which it appears the defendants' *Brady* motions either contained a request for the disclosure of the informants' identities or else were accompanied by another motion seeking that information. See, e.g., *Moore*, supra (disclosure of informant's identity sought orally at trial even though *Brady* motion filed earlier); *State v. Royal*, 247 Ga. 309, 312-314 (2) (275 SE2d 646) (1981) (defendant's *Brady* motion sought disclosure of informant's identity); *Davidson v. State*, 156 Ga. App. 457, 459-460 (3) (274 SE2d 807) (1980) (motion to suppress and *Brady* motion); *State v. Martin*, 156 Ga. App. 554, 555 (275 SE2d 129) (1980) (physical precedent in which motion to disclose identity of informer was paired with a *Brady* motion for exculpatory material); *Brinson v. State*, 188 Ga. App. 214-215 (1) (372 SE2d 487) (1988) (oral request raised at trial). In *Holmes v. State*, 187 Ga. App. 214 (1) (369 SE2d 533) (1988), the appellant therein asserted that the trial court erred by failing to hold a hearing pursuant to his *Brady* motion as to the identity of the informant. We noted that "[a]ppellant's *Brady* motion did not contain a request for a hearing on disclosure of the informant's identity," *Holmes*, supra, and addressed only the matter raised before the trial court.

The only case research has uncovered which indicates a general *Brady* motion encompasses a motion for the disclosure of an informant's identity is *May v. State*, 179 Ga. App. 736, 737 (3) (348 SE2d 61) (1986). In that case the appellant sought in his *Brady* motion "the 'names, addresses, . . . of all persons known to the State of Georgia as having information or knowledge of the facts . . . including those witnesses to be called by the State (and) those persons the State of Georgia does not intend to call as witnesses. . .[.]' " Id. In *May*, however, the identity of the informant was also sought by appellant during his trial. We find *May* distinguishable from the case sub judice in that here the identity of the informant was never requested during trial. *May* is further distinguished by the differing language in the discovery motions, since the motion filed in the case at bar on appellant's behalf pursuant to standing court order sought the identity only of "witnesses on whose testimony the charges against [appellant] are founded *and* who will testify at the trial." (Emphasis supplied.) It is not contended that the confidential informant in this case was included among those witnesses who were to testify at trial.

Therefore, it being well established that errors not raised at trial will not be considered and ruled on by our appellate courts on appeal, *Brown v. Thomas*, 257 Ga. 68, 69 (1) (354 SE2d 830) (1987), appellant's enumeration must fail.

2. Appellant contends he was denied effective assistance of counsel at trial. Although appellant's current attorney made her appearance of record before the expiration of the 30 day period for the filing of a motion for new trial under OCGA § 5-5-40 (a), no motion for new trial was filed. Nonetheless, under this court's holding in *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797) (1990), the lack of any opportunity for a hearing before the trial court requires that we remand this case for an evidentiary hearing on the issue of the asserted ineffectiveness of appellant's trial counsel. "If the trial court finds appellant was denied effective assistance of counsel, he will be entitled to a new trial. If the court finds adversely to appellant, appellant's right to appeal that order within thirty days is preserved." (Citations and punctuation omitted.) Id.

*Judgment affirmed and case remanded with direction. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1990.

*Ann P. Dodson*, for appellant.
*Willis B. Sparks III, District Attorney, Kimberly S. Shumate,*

*Assistant District Attorney*, for appellee.