A92A0300. GLOVER v. THE STATE.
(418 SE2d 127)

JOHNSON, Judge.

Jimmy Lee Glover (Glover) appeals from his conviction of possession of cocaine and the denial of his motion for a new trial.

1. Glover's first enumeration is that the trial court erred in failing to conduct a hearing on his *Brady* motion to disclose the identity of the State's confidential informant. This enumeration is without merit.

"[A] general *Brady* motion does not normally encompass the disclosure of the identity of a confidential informant." *Adams v. State*, 196 Ga. App. 804, 805 (1) (397 SE2d 153) (1990). "This court has held that a defendant must make a motion to reveal the identity of a confidential informant, and the trial court must conduct an *in camera* hearing at which the defendant must show both the materiality and necessity of the witness' testimony to the defense before the trial court decides whether the identity of an informant must be revealed. [Cits.]" *State v. Morris*, 202 Ga. App. 344, 345 (3) (414 SE2d 656) (1991). In the instant case, Glover followed none of the procedures which requires a hearing to determine whether the informant's iden-

tity should be revealed. Glover did not file a *Brady* motion, or any other type of motion, specifically seeking disclosure of the informant's identity. Instead, he attempted to raise the issue by relying on a general *Brady* motion coupled with a question posed to the state's witness on cross-examination asking for the informant's identity. When the court sustained the State's objection to this question, Glover made a motion for a mistrial on the ground that he had been denied a thorough and sifting cross-examination, but he never moved the court to reveal the informant's identity. Further, the record is devoid of any proffer of evidence by Glover showing the materiality and necessity of the informant's testimony to the defense. The trial court cannot be faulted for failing to hold a hearing that was never properly requested. Accordingly, we find no error.

2. Glover next argues that the trial court erred in allowing testimony from the State's witness based on the contents of a police record not prepared by the witness. The record shows, however, that Glover posed no objection at trial to the testimony. "The trial court was not asked to rule on (this) ground and thus there is nothing to review. It is well established that appellate courts may not consider objections to evidence not raised at trial. [Cit.]" *Sales v. State*, 199 Ga. App. 791, 792 (2) (406 SE2d 131) (1991).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 8, 1992.

*Martin, Snow, Grant & Napier, Thomas B. Gibson II*, for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Howard Z. Simms, Assistant District Attorneys*, for appellee.