## A95A1890. JORDAN v. THE STATE.
(463 SE2d 537)

BEASLEY, Chief Judge.

Jordan appeals his conviction of violation of the Georgia Controlled Substances Act for possession and sale of cocaine. OCGA § 16-13-30. In his sole enumeration of error, he contends that the court erred in granting a motion in limine brought by the State and thereby limiting his cross-examination of an undercover officer concerning a confidential informant.

The State sought to prohibit Jordan from questioning State's witnesses concerning the reliability, history, and identity of the informant. The prosecuting attorney argued that such facts concerning the informant were not relevant, because the informant's only involvement in the case consisted of his having introduced Jordan to the undercover officer who made the drug buy and provided the tip that resulted in Jordan's arrest. The court preliminarily granted the State's motion to the extent that it concerned the reliability of the informant.

The officer who made the buy and other officers conducting surveillance of the transaction appeared as State's witnesses. The officer testified that on the day of the buy, the confidential informant introduced him to Jordan, whom the informant referred to as "Damien." Pursuant to prior discussions, the officer brought $950 to the pool room to purchase an ounce of cocaine from Jordan. When the officer met Jordan, Jordan told the informant in the officer's presence that he did not have the cocaine but would go get it.

Jordan left the pool room in his car. One of the surveilling officers testified that he followed Jordan to a tire shop. He observed Jordan enter the shop, stay for two or three minutes, and then return to the pool room. He went in and then exited with the undercover officer and the informant. The officer and a surveilling officer observed Jordan retrieve a package from his car, so the undercover officer retrieved the $950 from his car. Jordan reentered the pool room, as did the undercover officer along with the informant.

Another surveilling officer observed Jordan walk to the last pool table and kneel down in front of the compartment where the pool balls are stored. The undercover officer testified that although he did not observe Jordan place the package in the compartment of the pool table, the informant told him to look there after the informant had conversed with Jordan, and Jordan nodded in the direction of the compartment after the officer began to walk there. The officer testified that he retrieved the package containing cocaine from the pool table compartment and left the money there. He observed Jordan retrieve the money and leave the pool room with an approving nod in the officer's direction.

Jordan was not arrested immediately because the undercover officer wanted to make additional drug buys from him. However, the officer was not able to re-establish contact. The police later received information that Jordan would be in the area of the pool room and driving a described vehicle. He was arrested nearby while driving the vehicle, and cocaine was found under the driver's seat. He was acquitted in this case of trafficking in cocaine and possession of cocaine with intent to distribute as a result of this latter incident.

At trial, the informant was identified in a videotape of the first incident which was played to the jury. Jordan testified, admitting that he was at the pool room on the day in question but denying that he sold drugs or was given money. He maintained that when he left the pool room, he went to a lounge to eat lunch.

Over the State's objection, the trial court allowed Jordan to cross-examine the undercover officer as to the informant's history and reliability. When Jordan asked the officer whether he had attempted to locate the informant and whether the informant was going to testify, the State again objected. Jordan argued that he should be permitted to engage in further questioning of the officer concerning the informant, because the informant's identity had been revealed in the videotape, he was a participant in the transaction as well as a witness to it, and he should therefore be in court. Noting that the name of the informant had not been disclosed so that his identity was still confidential, the court sustained the State's objection and refused further questioning about the informant.

Although the evidence does show that the informant arranged, facilitated, and witnessed the drug buy, Jordan does not claim that he was entrapped by the informant, and the videotape enabled the jury to determine the accuracy of the undercover officer's identification of Jordan. Under these circumstances, the informant's testimony was not both material *and* necessary to the defense. See generally *Glover v. State*, 203 Ga. App. 853 (1) (418 SE2d 127) (1992); *Smith v. State*, 192 Ga. App. 144 (1) (384 SE2d 677) (1989); compare *Jones v. State*, 192 Ga. App. 186 (384 SE2d 273) (1989) and cits.

Jordan argues otherwise, based upon the assertion that the informant was the only witness to his allegedly placing the cocaine in the compartment of the pool table. The transcript does not show whether the informant witnessed this or whether Jordan merely told him he had done it. The transcript does show that the surveilling officer observed Jordan go to the compartment before the undercover officer removed the cocaine, and the undercover officer observed Jordan take the money from the compartment after the officer had removed the cocaine.

Moreover, Jordan did not file a motion for disclosure of the identity of the informant (compare *Jones*, supra, and cits.), nor does it

appear from the record that he sought to secure the informant's appearance at trial as a defense witness.

Therefore, whether the undercover officer had attempted to locate the informant was not a relevant or material issue. As to whether the informant would be called by the State to testify, Jordan should have been apprised of that through the State's response to his demand for a list of its witnesses. There is no merit in Jordan's contention that the defense was severely limited in its right to cross-examine the officer concerning the informant in any regard. The transcript shows cross-examination concerning the informant's history and reliability. Jordan has not shown how he was harmed by the limitation on questioning directed towards what was neither relevant nor material. Consequently, the court did not abuse its discretion in refusing to allow Jordan to ask the officer these questions. See *Bates v. State*, 216 Ga. App. 597 (454 SE2d 811) (1995).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 31, 1995.

*Michael M. Sheffield*, for appellant.

*J. Tom Morgan, District Attorney, Desiree S. Peagler, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.