S02A1079. HANSON v. THE STATE.
(569 SE2d 513)

THOMPSON, Justice.

Defendant Robert Lee Hanson was convicted of possession of alcohol by a person under 21 years of age in violation of OCGA § 3-3-23. In this appeal he challenges the constitutionality of that statute. We find the statute to be constitutional and affirm.

Responding to a call concerning a fight, Sergeant Hadley of the Troup County Sheriff's Department saw Hanson, who was under 21

years old, walking down the road. When the officer approached Hanson, he detected an odor of alcohol; Hanson's speech was slurred and his eyes were glazed. Hanson told the officer he had been drinking Zima. The officer arrested Hanson for possession of alcohol by a person under 21 years of age. Following a bench trial, Hanson was found guilty, fined, and sentenced to serve six months on probation.

1. Evidence that Hanson had the odor of alcohol on his person, appeared to be in an intoxicated state, and admitted that he had consumed an alcoholic beverage, was sufficient to enable any rational trier of fact to find him guilty beyond a reasonable doubt of possession of alcohol by a person under 21 years of age. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Green v. State*, 260 Ga. 625 (1) (398 SE2d 360) (1990), upon which Hanson relies, does not require us to hold that the evidence was insufficient to establish that Hanson was in possession of an alcoholic beverage. That case merely stands for the proposition that the presence of cocaine metabolites in body fluid does not constitute *direct* evidence that the person who produced the body fluid possessed cocaine.

2. Contrary to Hanson's assertion, the evidence demonstrated that Zima is an alcoholic beverage. It also demonstrated that venue was in Troup County. OCGA § 17-2-2 (h); see *Green v. State*, supra (if it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed).

3. OCGA § 3-3-23 provides, in pertinent part:

(a) Except as otherwise authorized by law:

(1) No person knowingly, directly or through another person, shall furnish, cause to be furnished, or permit any person in such person's employ to furnish any alcoholic beverage to any person under 21 years of age;

(2) No person under 21 years of age shall purchase, attempt to purchase, or knowingly possess any alcoholic beverage;

(3) No person under 21 years of age shall misrepresent such person's age in any manner whatever for the purpose of obtaining illegally any alcoholic beverage;

(4) No person knowingly or intentionally shall act as an agent to purchase or acquire any alcoholic beverage for or on behalf of a person under 21 years of age; or

(5) No person under 21 years of age shall misrepresent his or her identity or use any false identification for the purpose of purchasing or obtaining any alcoholic beverage.

(b) The prohibitions contained in paragraphs (1), (2),

and (4) of subsection (a) of this Code section shall not apply with respect to the sale, purchase, or possession of alcoholic beverages for consumption:

(1) For medical purposes pursuant to a prescription of a physician duly authorized to practice medicine in this state; or

(2) At a religious ceremony.

(c) The prohibitions contained in paragraphs (1), (2), and (4) of subsection (a) of this Code section shall not apply with respect to the possession of alcoholic beverages for consumption by a person under 21 years of age when the parent or guardian of the person under 21 years of age gives the alcoholic beverage to the person and when possession is in the home of the parent or guardian and such parent or guardian is present.

Hanson asserts OCGA § 3-3-23 violates the equal protection clause of the Fourteenth Amendment because it permits some under-21-year-olds to possess alcohol, while making it a crime for others to possess alcohol, without any rational basis. More specifically, Hanson asserts the State does not have a legitimate interest in permitting (1) a physician to prescribe alcohol to a person under 21 years of age (OCGA § 3-3-23 (b) (1)) or (2) a parent to give alcohol to a person under 21 years of age in the home (OCGA § 3-3-23 (c)). We disagree.

In *Kelley v. State*, 252 Ga. 208 (312 SE2d 328) (1984), this Court upheld the constitutionality of OCGA § 3-3-23 when it was attacked on the ground that it gave preferential treatment to military personnel. In so doing, we observed:

[R]ationality is the appropriate standard by which to determine whether the alleged discrimination violates equal protection. That is "[i]f the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' [Cits.]" *Dandridge v. Williams*, 397 U. S. 471, 485 (90 SC 1153, 25 LE2d 491) (1970). Rather, "[t]his inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinction is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary. [Cits.] Such action by a legislature is presumed to be valid." *Massachusetts Board of Retirement v. Murgia*, 427 U. S. 307, 314 (96 SC 2562, 49 LE2d 520) (1976); see, Tribe, American Constitutional Law, (1978), § 16-2, p. 994.

Id. at 209. Employing the rationality standard in this case, and giving due deference to the function and task of the legislature, we have no hesitation in concluding that the legislature has made rational distinctions with respect to the possession of alcohol generally by persons under 21 years of age, and the possession of alcohol by such persons when it is prescribed by a physician or provided by a parent in the privacy of the home. Simply put, these distinctions recognize that young people will be held more accountable when they are provided with alcohol under supervised settings or conditions. As we held in *Kelley* at 210:

> There is considerable risk that any person of any age, but particularly the young, will be unable to use alcohol appropriately. However, this risk is reduced for youthful members of the armed forces who stand out from the general population in training, discipline and accountability to authority.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Jackie G. Patterson*, for appellant.
*Jack Kirby, Solicitor-General, Julianne W. Holliday, Assistant Solicitor-General*, for appellee.