A06A2316. BURCHETT v. THE STATE.
(641 SE2d 262)

ELLINGTON, Judge.

After a bench trial, the State Court of Forsyth County convicted Bradley Burchett of possession of an alcoholic beverage by a person under 21 years of age, OCGA § 3-3-23 (a) (2). Burchett appeals, contending the evidence was insufficient as to venue and as to the elements of the offense. Finding no error, we affirm.

Upon a finding of guilt following a bench trial, the presumption of innocence no longer applies, and on appeal, the appellate court construes the evidence in favor of the judge's findings of fact. The appellate court does not weigh the evidence or determine witness credibility but merely determines the sufficiency of the evidence. *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979); *Wilcoxson v. State*, 227 Ga. App. 25 (1) (488 SE2d 104) (1997). In particular, "[v]enue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt." (Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000).

Viewed in the light most favorable to the trial court's findings of fact, the record shows the following. On September 3, 2005, an officer stopped Burchett, who was under 21 years of age, at a roadblock in Forsyth County. The officer smelled the odor of an alcoholic beverage

---

on Burchett's breath, and asked Burchett if he had been drinking that night. Burchett told the officer "he had [had] a beer earlier that evening." Burchett did not give any other information about when or where he had consumed that beer, nor did he offer such evidence at trial. The officer did not see Burchett consume any alcoholic beverage, did not observe any containers of alcohol in Burchett's car, and did not test Burchett's blood, breath or urine for the presence of alcohol.

1. Burchett contends that the State failed to prove beyond a reasonable doubt that he possessed alcohol in Forsyth County and, therefore, that the evidence was insufficient as to the essential element of venue.[1] Specifically, Burchett contends that

> his admission that he had consumed one beer some time earlier on the evening of his arrest is not sufficient to prove that the offense might have occurred in Forsyth County, Georgia. In fact, the consumption of alcohol could as easily have occurred in any county of the State of Georgia or even outside the State of Georgia.

Under Georgia law, "[i]f in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." OCGA § 17-2-2 (h). In *Hanson v. State*, 275 Ga. 470, 471 (1), (2) (569 SE2d 513) (2002) the Supreme Court of Georgia held that evidence that the underaged defendant "had the odor of alcohol on his person, appeared to be in an intoxicated state, and admitted that he had consumed an alcoholic beverage" was sufficient to establish venue for possession of an alcoholic beverage by an underaged person in the county in which the officer encountered the person. (Citation omitted.) See also *Lee v. State*, 201 Ga. App. 827, 828 (1) (412 SE2d 563) (1991) (evidence that a police officer smelled alcohol on an underaged person's breath is sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that the person possessed an alcoholic beverage); *Hadaway v. State*, 190 Ga. App. 5, 6 (2) (378 SE2d 127) (1989) (accord). Similarly, the evidence in this case showed beyond a reasonable doubt that the offense might have been committed in Forsyth County, and the case was properly tried there. OCGA § 17-2-2 (h); *Hanson v. State*, 275 Ga. at 471 (2).

---

[1] "[A]ll criminal cases shall be tried in the county where the crime was committed." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. See also OCGA § 17-2-2 (a) (same).

2. Burchett contends that the evidence failed to eliminate the hypothesis that he was not guilty of the offense pursuant to OCGA § 3-3-23 (c). That subsection provides, in pertinent part, that the prohibition contained in subsection (a) (2)

> shall not apply with respect to the possession of alcoholic beverages for consumption by a person under 21 years of age when the parent or guardian of the person under 21 years of age gives the alcoholic beverage to the person and when possession is in the home of the parent or guardian and such parent or guardian is present.

Where certain conduct is generally prohibited, but where a statutory exception permits the conduct under specified circumstances, the exception amounts to an affirmative defense. *May v. State*, 179 Ga. App. 736, 737 (2) (348 SE2d 61) (1986). See OCGA §§ 16-3-20 through 16-3-28 (statutory affirmative defenses); Jack Goger, Daniel's Georgia Criminal Trial Practice, § 21-17 (2007 ed.) (affirmative statutory defenses). The initial burden of producing evidence to support an affirmative defense rests upon the defendant charged with the offense. *May v. State*, 179 Ga. App. at 737 (2). Only after a defendant raises the issue at trial is it then incumbent upon the State to disprove the defense beyond a reasonable doubt. Id. Because possession of an alcoholic beverage by a person under 21 years of age is generally prohibited,[2] the exception to that general prohibition created by OCGA § 3-3-23 (c), which allows the conduct under specified circumstances, is an affirmative defense. Because Burchett never produced evidence that his parent or guardian gave him the beer and that his possession of it was in the home and presence of his parent or guardian, the State did not have to disprove the affirmative defense beyond a reasonable doubt. See *May v. State*, 179 Ga. App. at 737 (2). Burchett's sufficiency argument fails.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JANUARY 12, 2007.

*Robert H. McDonnell*, for appellant.
*Leslie C. Abernathy, Solicitor-General, Erin A. O'Mara, Assistant Solicitor-General*, for appellee.

---

[2] OCGA § 3-3-23 (a) (2).