## A08A0786. BOYD v. THE STATE.
(662 SE2d 295)

PHIPPS, Judge.

George Boyd was convicted of misdemeanor marijuana possession and cocaine trafficking. He challenges the sufficiency of the evidence. We affirm.

The state's sole witness at Boyd's bench trial was a police officer who had been assigned to a street level narcotics unit at the relevant time. Because of citizens' complaints concerning a particular house in a "known drug area," the officer conducted surveillance upon the house for eight hours on each of two days. During his surveillance, he observed foot traffic — individuals walking to and knocking on the front door, and the same man answering the knocks.

To investigate further, the officer enlisted the assistance of a confidential informant. The officer searched the informant, drove the informant in an unmarked vehicle with darkened windows to the neighborhood, parked directly across the street from the house, handed the informant $20, and then watched the informant walk to the house. Before the informant reached the front door, a man on a bike approached the front door. The same man whom the officer had seen answering the door during the earlier surveillance opened the door, handed the man on the bike a clear plastic bag, then went back inside the house. The officer was observing these actions through powerful binoculars, and based upon his experience in investigating drug activity, the bag appeared to him to contain a " 'bomb,' which a bomb is approximately between 25 to 50 hits of cocaine." The officer then observed the man on the bike approach the informant. Immediately after a "hand-to-hand transaction" between the man on the bike and the informant, the informant returned to the officer's vehicle with two "10-dollar hits" of crack cocaine.

The officer procured a warrant to search the house. On October 1, 2005, within a week of the officer's initial surveillance, he returned to the house with other law enforcement officers to execute the warrant. After their announcement at the front door was not answered, the officers gained entry by breaching the door. About 30 seconds had elapsed from the time the officers arrived in front of the residence to the time they were inside the house. A man was sitting

on the sofa, and near him were three "nickel bags" of marijuana. The officer who had conducted the surveillance and drug buy through the informant recognized the man on the sofa as the same man who, about a week earlier and from the same house, had brought to the man on the bike what appeared to be a "bomb" of cocaine. The man on the sofa, later identified as Boyd, was arrested. No one else was found inside the house, and no articles were found in the house linking the house to anyone. The house appeared to the officer to be a "trap house," which he defined as a "regular dope house used to sell and store the drugs," but "basically nonlived-in."

Law enforcement officers continued to search the premises, finding cocaine residue in a cooking dish on the kitchen counter, a loaded handgun in a cabinet directly above that counter, and $596 in a bedroom. Outside, a distinct path, approximately 15 feet long, ran from the back door to a rock, under which a substance containing cocaine was found. The officer testified that the substance included a "cookie," so called because when crack cocaine is "made and it's cooked on a stove in a pot, it resembles like a pancake."

Several stipulations were entered: the substance in the baggies was marijuana and weighed less than one ounce; the cocaine seized was over ten percent pure and weighed over twenty-eight grams; county tax assessor's records did not show that Boyd owned the house; Boyd did not have a lease on the house; and Boyd did not live in the house.

Boyd denied having sold any drugs. He testified that he went to the house on the day he was arrested only to buy marijuana from someone he knew only as "Joe." After taking Boyd's $20 bill, Joe left out the back door of the house to get change. While Boyd waited for Joe to return with his change, the law enforcement officers arrived.

Boyd presented three witnesses to corroborate his defense. One witness, shown to have been convicted of armed robbery, testified that he had purchased marijuana at the house from a man called "Joe" and that Boyd did not sell drugs. A second witness testified that he had not known Boyd to sell any drugs. And the third witness, Boyd's wife, testified that Boyd lived with her and that he did not sell drugs.

On appeal, Boyd asserts that it was possible that other individuals were at the residence before the officers arrived that day to execute the search warrant. He cites the evidence he presented, challenges the credibility of the police officer, and points out that no fingerprints were lifted at the house.

Upon a finding of guilt following a bench trial, the presumption of innocence no longer applies, and the appellate court construes the

evidence in favor of the judge's determination of Boyd's guilt.[1] The appellate court does not weigh the evidence or determine witness credibility, but merely determines the sufficiency of the evidence.[2]

> Furthermore, where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court.[3]

There is no merit in Boyd's challenge to the sufficiency of the evidence. Although Boyd claims that his evidence showed that he was merely present at the scene when the officers arrived to search the residence, the state presented evidence that Boyd had previously been involved in the sale of drugs at that location. Furthermore, the trial judge was not required to believe Boyd and his witnesses, nor to disbelieve the state's witness.[4] Having viewed the evidence in the light most favorable to the trial judge's determination of Boyd's guilt, we conclude that there was sufficient evidence authorizing the trial judge to reject Boyd's defense and find him guilty beyond a reasonable doubt of the crimes for which he was convicted.[5]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED MAY 14, 2008.

*Richard W. Marks*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.

---

[1] *Burchett v. State*, 283 Ga. App. 271 (641 SE2d 262) (2007).

[2] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979); *Burchett*, supra.

[3] *Perkins v. State*, 244 Ga. App. 412, 415-416 (535 SE2d 802) (2000).

[4] *Chappell v. State*, 183 Ga. App. 706, 707 (359 SE2d 686) (1987).

[5] See OCGA §§ 16-13-2 (b) (misdemeanor marijuana possession), 16-13-31 (a) (1) (cocaine trafficking); *Slaughter v. State*, 282 Ga. App. 276, 279 (3) (638 SE2d 417) (2006); *Martin v. State*, 204 Ga. App. 782, 786 (5) (420 SE2d 645) (1992).